THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RYAN HOLLINSHEAD, Defendant-Appellant.

Fourth District   No. 4—90—0198

Opinion filed January 10, 1991.

McCULLOUGH, J., concurring in part and dissenting in part.

Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

After a jury trial, defendant was convicted of burglary, a Class 2 felony (Ill. Rev. Stat. 1989, ch. 38, par. 19—1), and was sentenced to three years' probation with conditions including 100 hours of public service work, a $500 fine, restitution, and 60 days' incarceration to be served at the end of the probation period, with the possibility of remission. Defendant appeals, arguing the circuit court abused its discretion in ordering a 60-day jail term to be served at the end of the probation period since the record suggests no particular reason, such as employment, family, or educational concerns, to make such a period appropriate here; and the failure to set a specific date for a remission hearing requires vacatur of this condition.

The record shows the probation officer recommended probation with conditions, including 60 days' incarceration at the end of the probation period with the possibility of remission. At the time of sentencing on March 12, 1990, defendant was attending high school in the morning and working at a grocery store in the afternoon. He anticipated graduating from high school in June. The State argued for 90 days' incarceration to be served during the summer when the defendant was not in school. The court granted probation and, in enunciating this condition of

probation, the judge stated that in the event defendant desired remission of the 60-day jail term, he must file an application with the court between the end of the 32nd and 33rd months of probation, so as to permit a hearing during the month immediately before the 60-day period at the end of the probationary term.

■■ ■ A 60-day term of incarceration is a permissible condition of probation. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—3(b)(1).) While the supreme court has questioned the advisability of imposing such incarceration at or near the end of the probation period absent unusual circumstances or a request by the defendant, it has recognized the authority of the trial judge to impose such a condition. (*People v. Tipton* (1981), 88 Ill. 2d 256, 262, 430 N.E.2d 1023, 1026.) Educational and employment considerations supported delay in any term of incarceration here, both matters raised generally by defendant at sentencing. Although the trial judge did not state his reasons for imposing this condition of probation, he also ordered as a special condition that defendant finish high school.

■■ This court has held that conditions of probation will not be reversed solely because the circuit court failed to provide an explanation for each, as long as the record does not show a clear abuse of discretion; and the time for seeking explanation is at the sentencing hearing, when the trial judge may be afforded an opportunity to respond. For this reason, a defendant's failure to seek an explanation for the conditions of probation at the time of sentencing may be deemed to waive the issue for purposes of review. (See *People v. Burke* (1985), 136 Ill. App. 3d 593, 608, 483 N.E.2d 674, 685 (and cases cited therein).) On the merits, there was no abuse of discretion in imposing the condition.

■■ Defendant next argues neither *Burke* nor *Tipton* makes any reference to requiring the defendant to file a motion for a remission. In *Burke*, this court suggested it is better practice for the trial court to specify a date when it will consider remitting all or part of the detention imposed as a condition of probation. The instruction on remand there— that the trial court set a date certain for a remission hearing—was, however, given as an aside, as the cause was already being remanded to remedy an erroneous sentence in excess of the statutory maximum. Although not cited by the parties, this court more recently addressed this issue in *In re V.L.F.* (1988), 174 Ill. App. 3d 930, 938, 529 N.E.2d 312, 317, stating: "While it is not necessary or practical for the trial court to anticipate the exact date so far in advance of a remission hearing, the court should designate a reasonable time frame in which a hearing will be held, *rather than placing the burden on the respondent to file a motion to vacate the condition of probation.*" (Emphasis added.) We deem *V.L.F.* controlling.

■ Additionally, on our examination of the record we found that while the probation order correctly specifies burglary as the underlying offense, the form mittimus documenting judgment and sentence, as filled out, contains several errors in the following passage: "neither the defendant nor defendant's counsel saying anything further why the Judgment or [*sic*] the Court should not now be pronounced against the defendant on the PLEA of guilty heretofore entered to the charge of Burglary & Crim Damage Property, as charged in the complaint, information, or indictment returned in this cause on August 10, 1989. THEREFORE, IT IS ORDERED AND ADJUDGED by the Court that the said defendant is guilty of the crime of Burglary." Defendant was charged on August 10, 1989, by complaint with two counts, one of burglary and one of criminal damage to property. (Ill. Rev. Stat. 1989, ch. 38, pars. 19—1, 21—1.) On August 24, 1989, defendant and codefendant Craig Piper were charged by information with the offense of burglary, framed in the same language as used in count I of the earlier complaint. On December 27, 1989, the information was amended as to codefendant Piper to allege criminal trespass to a motor vehicle (Ill. Rev. Stat. 1989, ch. 38, par. 21—2), and Piper entered a plea of guilty. Thereafter, defendant had a jury trial on the charge of burglary, and the jury returned a verdict of guilty on that charge, on which sentence was imposed. In view of possible confusion which may flow from the errors on the face of the mittimus, and since we are remanding on the issue raised by defendant, on our own motion we recognize these defects as plain error (107 Ill. 2d R. 615(a)). An amended mittimus should be issued showing judgment entered on the verdict of guilty heretofore entered to the charge of burglary (only) as charged in the information returned in this cause on August 24, 1989.

■ Accordingly, the judgment of the circuit court of Sangamon County is affirmed, and cause remanded with directions to set a time frame for hearing at which remission of the detention will be considered, and for issuance of an amended mittimus.

*Affirmed and cause remanded.*

STEIGMANN, J., concurs.

JUSTICE McCULLOUGH, concurring in part and dissenting in part:

I agree the judgment of the circuit court of Sangamon County should be affirmed. I do not agree the cause should be remanded with

directions to set a time frame for hearing at which remission of the detention will be considered.

Tipton involved a consolidated case of defendant Tipton and defendant Richardson. With respect to defendant Tipton, he was sentenced to a period of two years' probation subject to several conditions, including that he serve the last 60 days of his probation period in the county jail. No provision was made for a remission hearing. The supreme court indicated in Tipton that he, Tipton, could have asked for a modification as to the jail sentence under the provision of 5—6—4(f) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(f)). Nothing in Tipton requires the trial judge to set a specific date for a remission hearing. In V.L.F., referring to Burke, this court stated:

> "The instruction on remand, that the trial court set a date certain for a remission hearing, was given as an aside where the cause was already being remanded to remedy an erroneous sentence in excess of the statutory maximum. While it is not necessary or practical for a trial court to anticipate the exact date so far in advance of a remission hearing, the court should designate a reasonable time frame in which a hearing will be held, rather than placing the burden on the respondent to file a motion to vacate the condition of probation." (V.L.F., 174 Ill. App. 3d at 938, 529 N.E.2d at 317.)

In Burke (136 Ill. App. 3d at 609, 483 N.E.2d at 687), we said "it would be the better practice when such an order is entered *** to specify a date of hearing" in the order of probation. We did not make it mandatory. In Tipton the supreme court stated if the defendant desired to have the probation order modified, he could under the provisions of section 5—6—4(f) of the Code file a petition with the court. This is not an onerous burden against the defendant, especially when he is asking for the mercy of the court as to a modification.

Here, the trial court stated:

> "I'm going to impose a jail sentence of 60 days at the end of the three-year probation period, subject to review, but I'm going to require that the Defendant, in the event that he desires that that 60 days jail sentence be remitted, file an application with the Court at the end of the—if he—desires to—between the end of the thirty-second month, the end of the thirty-second month of this probation and before the end of the thirty-third month of probation, which will enable a hearing to be held as to whether the 60 days jail sentence should be remitted during the month immediately preceding the 60 day period at the end of the thirty-six month probation period.

So that there may be no misunderstanding, Mr. Hollinshead, it will be your duty to file a Petition with the Court if you desire to have that 60-day jail period eliminated from your probation within the time, within the one-month period that I've described. That is between the end of the thirty-second month of probation and the end of the thirty-third month of probation."

This is a hybrid factual situation between that in *Tipton* of defendant Tipton and defendant Richardson. It is clear, however, that pursuant to the supreme court's rulings in *Tipton*, the procedures set forth by the trial court in this case were correct. The trial court set a reasonable time frame as required by *V.L.F.* Requiring defendant to ask for hearing within a certain time frame will only benefit him and is certainly not a burden.

An additional basis for not requiring remand to the trial court are our statements in *Burke*, stating:

"Just as the trial court's failure to state reasons for the sentence is waived unless the defendant asks for a fuller statement at the sentencing hearing [citations], so also may the opportunity for an explanation of the conditions for probation be waived if a defendant fails to avail himself of it at that time." *Burke*, 136 Ill. App. 3d at 608, 483 N.E.2d at 685.

The defendant did not seek an explanation of the conditions attached to his term of probation during the sentencing hearing and, certainly, the defendant has waived this issue on appeal.