NO. 4-00-0271

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

GEORGE A. JOHNSON,

Defendant-Appellant.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Vermilion County

No. 93TR9644

Honorable

James K. Borbely,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In March 1995, defendant, George A. Johnson, proceeding 
pro
 
se
, pleaded guilty to (1) driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11-501); (2) illegal lane usage (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11-709); and (3) illegal transportation of alcohol (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11-502).  In June 1995, the trial court sentenced him to two years' intensive probation with various conditions.

In August 1997, the trial court revoked defendant's probation and later resentenced him to two years' intensive probation with conditions.  In March 1999, the court again revoked defendant's probation and later resentenced him to 52 consecutive weekends of periodic imprisonment.  

In September 1999, the State filed a petition to revoke defendant's periodic imprisonment.  Following  a January 2000 sentencing hearing, the trial court sentenced defendant to 364 days in jail with credit for 242 days served, including credit for 18 days served in periodic imprisonment.  

Defendant appeals, arguing that (1) his jail sentence should be vacated because a verbatim transcript of his waiver of counsel was not made at his March 1995 guilty plea hearing, as required by Supreme Court Rule 401(b) (134 Ill. 2d R. 401(b)); (2) at his 1995 sentencing hearing, the trial court erred by imposing a sentence based on a subsequent act; and (3) he is entitled to an additional 24 days of sentencing credit for time he served in periodic imprisonment.  We affirm and remand with directions.

I. BACKGROUND

The record does not contain a transcript of any of the proceedings in this case.  The following facts are taken from the trial court's docket entries and documents contained in the common-law record.

On October 7, 1993, the State charged defendant with (1) DUI (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11-501); (2) illegal lane usage (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11-709); (3) illegal transportation of alcohol (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 11-502); and (4) operation of an uninsured motor vehicle (Ill. Rev. Stat. 1991, ch. 95 1/2, par. 3-707).  In March 1995, defendant, appearing 
pro
 
se
, pleaded guilty to DUI, illegal lane usage, and illegal transportation of alcohol, and the State nol-prossed 
the remaining charge.  In June 1995, the trial court sentenced defendant to two years' intensive probation and ordered him to (1) serve 14 days in jail; (2) obtain an alcohol evaluation; and (3) complete any recommended alcohol treatment within six months.  The court's docket entry further states as follows:  "Sentencing continued in progress to [September 21, 1995].  If alcohol evaluation is not on file at that time, this will be the sentencing.  If evaluation is on file, at that time, other options will be considered."

On September 21, 1995, the trial court continued defendant's sentencing to December 20, 1995.  On that date, defendant appeared 
pro
 
se
 and the court sentenced him to two years' intensive DUI probation with various conditions, including that he (1) serve 180 days in jail, (2) obtain an alcohol evaluation or furnish a copy of an evaluation to the court within 30 days, and (3) complete any recommended treatment within the first six months of his probation.  On February 28, 1996, defendant filed his alcohol evaluation, in which the evaluator recommended that defendant complete intensive alcohol-abuse treatment.

In October 1996, the State filed a petition to revoke defendant's probation, alleging that defendant had failed to complete alcohol treatment within the first six months of his probation.  In July 1997, the trial court appointed counsel to represent defendant.  Following an August 1997 hearing on the State's petition, the court revoked defendant's probation.  After a December 1997 sentencing hearing, the court ordered that defendant (1) be readmitted to two years' intensive DUI probation, (2) serve 30 days in jail, and (3) complete alcohol treatment within six months.  The court also ordered that the written judgment of sentence be "stayed until June 3, 1998[,] at 2:30.  If treatment is complete [the] court may consider remitting jail time.  Alcohol treatment to be completed within [six] months of defendant [being] released from [the Public Safety Building]."  On June 3, 1998, the court ordered defendant to serve 30 days in jail, upon finding that he had failed to complete alcohol-abuse treatment.  

In July 1998, the State filed a petition to revoke defendant's probation, alleging that defendant had failed to complete alcohol treatment.  Following a December 1998 hearing, the trial court revoked defendant's probation, upon finding that he failed to complete treatment.  Following a March 1999 sentencing hearing, the court sentenced defendant to 52 consecutive weekends in jail and fined him $200.

In September 1999, the State filed a petition to revoke defendant's periodic imprisonment, alleging as follows:  (1) "The defendant's periodic imprisonment order was for 52 consecutive weekends beginning March 19, 1999.  The defendant has not reported to the Public Safety Building for detention since June 4, 1999"; and (2) "The defendant reported for the first three weekends, then missed 2 weekends, and then reported sporadically until June 4, 1999."

Later in September 1999, defendant admitted the allegations in the State's petition to revoke periodic imprisonment.  Following a January 2000 sentencing hearing, the trial court sentenced defendant to 364 days in jail with credit for time served.  The court continued the case until February 9, 2000, and directed the parties to determine how many days the defendant had already served.  On February 9, 2000, the court resentenced defendant to 364 days in jail with credit for 242 days served, including credit for 18 days served in periodic imprisonment.  This appeal followed.

II. ANALYSIS

A. Defendant's Waiver of Counsel 

Defendant first argues that his jail sentence should be vacated because the record does not contain a verbatim transcript of his waiver of counsel at the hearing at which he entered his guilty plea, as required by Supreme Court Rule 401(b) (134 Ill. 2d R. 401(b)).  We disagree.

When no direct appeal is taken from an order of probation and the time for appeal has expired, a reviewing court is precluded from reviewing the propriety of that order in an appeal from a subsequent revocation of that probation, unless the underlying judgment of conviction is void.  
People v. Dieterman
, 243 Ill. App. 3d 838, 841, 613 N.E.2d 298, 300 (1993); 
People v. Stueve
, 66 Ill. 2d 174, 177-79, 361 N.E.2d 579, 580-81 (1977).  A void judgment is one entered by a court (1) without jurisdiction or (2) that exceeded its jurisdiction by entering an order beyond its inherent power.  
People v. Speed
, 318 Ill. App. 3d 910, 914, 743 N.E.2d 1084, 1087 (2001).  Thus, unless the lack of a verbatim transcript renders defendant's conviction void, we are precluded from reviewing defendant's argument.  

We recognize that the recent trend in Illinois Appellate Court cases is that strict compliance with the requirements of Supreme Court Rule 401 (134 Ill. 2d R. 401) is mandatory and a violation of that rule can constitute grounds for reversal.  See 
People v. Montgomery
, 298 Ill. App. 3d 1096, 700 N.E.2d 1085 (1998) (reversing the defendant's conviction upon finding that (1) no verbatim transcript of the defendant's waiver of counsel was made, and (2) a bystander's report did not satisfy the requirements of Rule 401(b)); 
People v. Stoops
, 313 Ill. App. 3d 269, 728 N.E.2d 1241 (2000) (reversing the defendant's conviction where (1) the defendant argued that he never waived counsel, (2) no verbatim transcript showing waiver existed, and (3) the record did not show that Rule 401 admonishments were given).  However, in 
People v. Hopping
, 60 Ill. 2d 246, 251-52, 326 N.E.2d 395, 398 (1975), the supreme court held that the verbatim transcript requirement of Rule 401(b) is not a constitutional requirement.  In that case (as in this one), the defendant did not claim that his waiver of counsel was not knowingly or voluntarily made, only that a sufficient record of the waiver was not created.  
Hopping
, 60 Ill. 2d at 251, 326 N.E.2d at 398.  The supreme court explained that the Constitution requires only that a record be made that is of sufficient completeness to permit proper consideration of the specific claims made by the defendant on appeal.  
Hopping
, 60 Ill. 2d at 251-53, 326 N.E.2d at 398-99, citing 
Mayer v. City of Chicago
, 404 U.S. 189, 194-95, 30 L. Ed. 2d 372, 378, 92 S. Ct. 410, 414-15 (1971).  Where the defendant makes no claim of error, the lack of a record sufficient for review deprives him of nothing.  

Thus, the trial court's failure to make a verbatim transcript of defendant's waiver of counsel did not violate defendant's constitutional rights or otherwise render the court's judgment of conviction void.  Accordingly, the court's error of failing to make such a transcript is not reviewable in a subsequent revocation of probation.  

B. Defendant's June 1995 Sentence 

Defendant next argues that the trial court's June 1995 sentencing order is void because the court lacked the authority to impose a sentence that was contingent on a subsequent event.  We disagree.

In June 1995, the trial court sentenced defendant to two years' intensive probation and 14 days in jail, and it further ordered him to obtain an alcohol evaluation and complete treatment within six months.  Defendant contends that the court erred by further ordering as follows:  "Sentencing continued in progress to [September 21, 1995].  If alcohol evaluation is not on file at that time, this will be the sentencing.  If evaluation is on file, at that time, other options will be considered."  According to defendant, by entering this order, the court imposed a sentence "contingent on a subsequent event."  Technically speaking, defendant is correct.  However, the error does not render his sentence void.  

As previously stated, a void judgment is one entered by a court (1) without jurisdiction, or (2) that exceeded its jurisdiction by entering an order beyond its inherent power.  
Speed
, 318 Ill. App. 3d at 914, 743 N.E.2d at 1087.  We agree with defendant that the trial court erred by stating a condition of defendant's probation as contingent upon a subsequent event.  If defendant had raised the matter on direct appeal, however, only the improper condition (that defendant's sentence would be reconsidered on September 21, 1995) would have been vacated; the sentence of probation would otherwise stand.  A condition of probation improperly imposed does not render the entire order of probation void, it merely renders the condition voidable.  
People v. Harris
, 238 Ill. App. 3d 575, 582, 606 N.E.2d 392, 397 (1992).

Moreover, the trial court's order, while technically improper, did not violate the axiom that the trial court can never increase a sentence absent a violation of probation.  The court's order did not state that it would 
increase
 defendant's penalty beyond that already imposed if defendant failed to comply with the alcohol-evaluation condition.  Rather, the order indicated that defendant's penalty could be 
reduced
 if he had complied with that condition.  The court could have properly achieved its desired goal of coercing defendant's compliance with the prescribed terms of probation by sentencing him as follows:  (1) sentence defendant to probation with various conditions, including 180 days in jail to be served beginning on a specific future date; and (2) set a remission hearing also to be held on that same date.  If, at the remission hearing, defendant showed that he had complied with the previously imposed conditions, the court could then remit his sentence by reducing or eliminating his jail term.  See 
People v. Hollinshead
, 207 Ill. App. 3d 425, 427, 566 N.E.2d 8, 9-10 (1991).

C. Sentencing Credit

Last, defendant argues that he is entitled to an additional 24 days of sentencing credit for time he served in periodic imprisonment, for a total of 42 days.  The State concedes that the trial court erred by granting defendant only 18 days of credit for time he served in periodic imprisonment.  However, the State contends that defendant is only entitled to credit for 30 days.  We agree with defendant.

When a defendant serves jail time on weekends under a sentence of periodic imprisonment, he is entitled to credit for all of the days during the term of periodic imprisonment, not just for time actually spent in confinement.  730 ILCS 5/5-7-1(d) (West 2000); 
People v. Gitchel
, 316 Ill. App. 3d 213, 214-15, 736 N.E.2d 645, 646 (2000), citing 
People v. Scheib
, 76 Ill. 2d 244, 254-55, 390 N.E.2d 872, 877 (1979).  
Scheib
 instructs that the calculation of days served under a term of periodic imprisonment begins on the first day of imprisonment and includes every day that passes (not just those on which the defendant was confined) until the end of the term or the last day served.  
Scheib
, 76 Ill. 2d at 255, 390 N.E.2d at 877.  However, we have found no case addressing the calculation of credit for time served where the defendant intermittently appeared and failed to appear to serve his periodic prison term, as occurred in this case.  

Under these circumstances, we conclude that defendant should receive seven days of sentencing credit for every weekend he served in custody.  We favor this calculation method for the following reasons:  (1) it is consistent with the intent of section 5-7-2(d) of the Unified Code of Corrections (730 ILCS 5/5-7-1(d) (West 2000)); (2) it is simple to apply; and (3) it is uniformly applicable regardless of whether a defendant serves three days a week on a weekend or on weekdays.  In this case, defendant served six weekends in periodic imprisonment.  He is thus entitled to credit for 42 days served. 

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment and remand with directions that the sentencing order reflect an additional 24 days of credit against his sentence.

Affirmed and remanded with directions.

KNECHT and COOK, JJ., concur.