# ILLINOIS OFFICIAL REPORTS

***People v. Burse*, 2012 IL App (4th) 100973**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK A. BURSE, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-10-0973 |
| Filed | June 15, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was convicted of attempted delivery of a controlled substance pursuant to a fully negotiated plea and received a sentence of probation in exchange for his stipulation that the evidence was sufficient to convict him of attempt, he was precluded from arguing on appeal that the offense of which he was convicted was void on the ground that the general attempt statute had been preempted by sections 401(d) and 102(h) of the Controlled Substances Act and, therefore, his conviction was affirmed, since he benefitted from his bargain with the State and should not be heard to object on appeal. |
| Decision Under Review | Appeal from the Circuit Court of Pike County, No. 09-CF-31; the Hon. Michael R. Roseberry, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Karen Munoz, and Ryan R. Wilson, all of State Appellate Defender's Office, of Springfield, for appellant.

Frank McCartney, State's Attorney, of Pittsfield (Patrick Delfino, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE POPE delivered the judgment of the court, with opinion.

Justices Steigmann and Appleton concurred in the judgment and opinion.

## OPINION

¶ 1      In April 2009, pursuant to a fully negotiated agreement, defendant, Mark A. Burse, was sentenced to 24 months' probation for attempt (delivery of a controlled substance) (720 ILCS 5/8-4(a) (West 2008); 720 ILCS 570/401(d) (West 2008)), following a stipulation to the evidence and the sufficiency thereof to convict. In April 2010, defendant admitted violating his probation and the trial court subsequently resentenced him to 30 months' probation and 60 days' periodic imprisonment. Following a September 2010 hearing, the court found defendant violated his probation a second time and resentenced him to 30 months' probation and 76 days' periodic imprisonment. Shortly thereafter, the court granted defendant's motion to modify sentence and converted defendant's periodic imprisonment to 150 days' straight time with credit for 8 days served.

¶ 2      In November 2010, the trial court denied defendant's amended motion to reconsider sentence. Defendant filed a notice of appeal. In January 2011, this court allowed defendant's motion for leave to file a late notice of appeal to correct the nature of the appeal.

¶ 3      On appeal, defendant asserts the offense of which he was convicted (attempt (delivery of a controlled substance)) is void because the general attempt statute (720 ILCS 5/8-4(a) (West 2008)) has been preempted by sections 401(d) and 102(h) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401(d), 102(h) (West 2008)). We affirm.

¶ 4      I. BACKGROUND

¶ 5      As a result of his actions on or about February 23, 2009, the State charged defendant by information with (1) unlawful delivery of a controlled substance (between 1 and 15 grams of cocaine) (count I) (charged February 2, 2009) (720 ILCS 570/401(c)(2) (West 2008)); (2) criminal drug conspiracy (count II) (charged March 11, 2009) (720 ILCS 570/405.1(a) (West 2008)); and (3) unlawful delivery of a controlled substance (less than one gram of cocaine) (count III) (charged March 24, 2009) (720 ILCS 570/401(d) (West 2008)). On April 7, 2009,

the State dismissed count I after lab results confirmed the amount of cocaine was less than one gram. Because of defendant's prior criminal history, he was not eligible for a sentence to probation on count II or III.

¶ 6      On April 21, 2009, the State informed the trial court the parties had reached a plea agreement. Pursuant to the agreement, the State filed a fourth charge alleging defendant "committed the offense of attempt (delivery of a controlled substance), in that said defendant, with the intent to commit the offense of [d]elivery of a [c]ontrolled [s]ubstance, in violation of 720 ILCS 570/401(d), performed a substantial step toward the commission of that offense in that he drove a [vehicle] containing *** a controlled substance to the residence of confidential source 'Michael Stewart' *** in violation of 720 ILCS 5/8-4(a)." Attempt (delivery of a controlled substance) is a Class 3 felony. 720 ILCS 5/8-4(c)(4) (West 2008).

¶ 7      Defendant stipulated to the following facts, acknowledging they were sufficient to find him guilty of attempt (delivery of a controlled substance) (count IV). On February 23, 2010, police engaged the services of a confidential source, "Michael Stewart," who had indicated defendant's cousin, Justin Burse, sold him cocaine on approximately five prior occasions. After receiving a call from Stewart informing them Justin would be delivering a small amount of cocaine, the police conducted a search of Stewart's person and residence, finding no illegal contraband or money. The police gave Stewart $100 of prerecorded marked money to use in the transaction and a video camera was installed in the living room. From nearby, police watched a Chevrolet Trailblazer containing defendant and Justin pull up to Stewart's house. Sergeant Jeff Windmiller, one of the officers conducting surveillance, recognized the Trailblazer as defendant's, knew defendant to be the usual operator of the vehicle, and had some intelligence defendant had previously been involved with the distribution of cocaine. Defendant remained in the Trailblazer while Justin exited and went into the residence, returning approximately two minutes later. Police then entered the residence and seized approximately one gram of crack cocaine. A traffic stop was immediately effected on defendant's vehicle. Upon a search incident to arrest, police recovered a small amount of cannabis and $1,165 from defendant's person, $100 of which was the marked money police had given Stewart.

¶ 8      On the stipulation of this evidence, the trial court found defendant guilty of attempt (delivery of a controlled substance). Pursuant to the agreement, the State dismissed counts II and III, and the court sentenced defendant to 24 months' probation on count IV. Defendant took no appeal.

¶ 9      In February 2010, the State filed a petition to revoke defendant's probation. In April 2010, defendant admitted the allegations in the petition and in June 2010, the trial court resentenced defendant to 30 month's probation and 60 days' periodic imprisonment. Defendant took no appeal.

¶ 10      In August and September 2010, the State filed a petition to revoke probation and an amended petition, respectively. Following a September 2010 hearing, the court found defendant had violated probation a second time, and in October 2010, resentenced defendant to 30 months' probation and 76 days' periodic imprisonment. Shortly thereafter, the court granted defendant's motion to modify his sentence from periodic imprisonment to straight

time, modifying defendant's sentence to 150 days' straight time with credit for 8 days served. The court denied defendant's motion to reconsider sentence and an amended motion to reconsider sentence. Defendant immediately filed a notice of appeal herein.

¶ 11    In January 2011, this court allowed defendant's motion for leave to file late notice of appeal to correct the nature of the appeal.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, defendant does not raise any error in the proceedings identified in his notice of appeal. Rather, for the first time, defendant argues his conviction of attempt (delivery of a controlled substance) is void because the general attempt statute (720 ILCS 5/8-4(a) (West 2008)) has been preempted by sections 401(d) and 102(h) of the Act (720 ILCS 570/401(d), 102(h) (West 2008)). Specifically, defendant contends his April 2009 conviction must be vacated, or in the alternative, he should be allowed to withdraw his guilty plea. We disagree.

¶ 14    " 'When no direct appeal is taken from an order of probation and the time for appeal has expired, a reviewing court is precluded from reviewing the propriety of that order in an appeal from a subsequent revocation of that probation, unless the underlying judgment of conviction is void.' " *People v. Gregory*, 379 Ill. App. 3d 414, 418, 883 N.E.2d 762, 765-66 (2008) (quoting *People v. Johnson*, 327 Ill. App. 3d 252, 256, 762 N.E.2d 1180, 1183 (2002)). " 'A void judgment is one entered by a court (1) without jurisdiction or (2) that exceeded its jurisdiction by entering an order beyond its inherent power.' " *Id.* at 418, 883 N.E.2d at 766 (quoting *Johnson*, 327 Ill. App. 3d at 256, 762 N.E.2d at 1183).

¶ 15    In this case, pursuant to the agreement, defendant was convicted of attempt (delivery of a controlled substance) pursuant to section 8-4(a) of the Criminal Code of 1961(Criminal Code), which provides, "[a] person commits an attempt when, with intent to commit a specific offense, he does any act that constitutes a substantial step toward the commission of that offense." 720 ILCS 5/8-4(a) (West 2008). Defendant did not appeal his original April 2009 conviction. More important, the charge he pled to was filed as a result of a fully negotiated resolution of the case and defendant stipulated the evidence was sufficient to convict him of attempt (unlawful delivery of a controlled substance). The State, as part of the fully negotiated disposition, dismissed two counts which carried mandatory prison time, filed a probationable charge, and agreed to a sentence of probation in exchange for defendant's stipulation. Now, after (1) violating his probation twice; (2) being resentenced twice; and (3) the trial court granting his motion to modify sentence, defendant urges this court to vacate his conviction, or, alternatively, allow him to withdraw his plea because he contends attempt (delivery of a controlled substance) is not a crime in Illinois. We decline to do so.

¶ 16    Section 401 of the Act provides, "it is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance." 720 ILCS 570/401 (West 2008). A violation of section 401(d) (less than one gram of cocaine) is a Class 2 felony. 720 ILCS 570/401(d) (West 2008). The Act defines "delivery" as "the actual, constructive or *attempted* transfer of possession of a controlled substance." (Emphasis added.) 720 ILCS 570/102(h) (West 2008). Based on the definition of "delivery," defendant asserts the Act has specifically criminalized the attempted delivery of a controlled substance

and, thus, has preempted the general attempt statute (a Class 3 felony) under which he was convicted. See *People v. Taylor*, 18 Ill. App. 3d 480, 482, 309 N.E.2d 595, 597 (1974) ("It is generally accepted that special statutes prevail over general statutes, especially when the special statute has its origin later in time.").

¶ 17    Defendant cites *People v. Stupka*, 226 Ill. App. 3d 567, 589 N.E.2d 1068 (1992), to support his preemption argument. In *Stupka*, the defendant was convicted of unlawful delivery of a controlled substance (cocaine) under the Act, a Class X felony (formerly Ill. Rev. Stat. 1989, ch. 56 1/2, ¶ 1401(a)(2)). *Id.* at 568, 589 N.E.2d at 1069. On appeal, the defendant argued he should have been convicted of attempt (delivery of a controlled substance), a Class 1 felony, under the general attempt statute (formerly Ill. Rev. Stat. 1989, ch. 38, ¶ 8-4) because he did not actually deliver the controlled substance. *Id.* at 572, 369 N.E.2d at 1072. The Second District Appellate Court disagreed and stated as follows:

> "We believe the principle of preemption has sound application here where the legislature has chosen to include an 'attempted transfer of possession' of a controlled substance in the definition of the substantive offense of unlawful 'delivery' of a controlled substance [under the Act]. [Citation.] The express inclusion of an attempt in the substantive offense appears to demonstrate a legislative intent to equate an attempted delivery with the seriousness of a completed delivery of a controlled substance." *Id.* at 574, 589 N.E.2d at 1073.

The *Stupka* court held "the specific provisions regarding delivery, which include an attempted transfer as defined in the [Act] [citation] preempt the general attempt provision of section 8-4 [of the Criminal Code] [citation]" and, thus, defendant was properly charged and convicted of the substantive offense under the Act, even where delivery was not completed. *Id.* at 574-75, 589 N.E.2d at 1073. *People v. Lev*, 166 Ill. App. 3d 173, 519 N.E.2d 1168 (1988); *People v. Echols*, 282 Ill. App. 3d 185, 668 N.E.2d 35 (1996).

¶ 18    We need not decide whether the general attempt statute under the Criminal Code has been preempted by the Act because, "it is not unlawful for the State and the defendant to bargain for a plea of guilty to a nonexistent crime, if defendant gets a benefit." *Cf. People v. Johnson*, 200 Ill. App. 3d 1018, 1023, 558 N.E.2d 607, 610 (1990) (citing *People ex rel. Bassin v. Isreal*, 31 Ill. App. 3d 744, 748, 335 N.E.2d 53, 57 (1975)). In *Isreal*, the defendant was charged with attempted murder but later entered a negotiated guilty plea to attempted voluntary manslaughter. *Isreal*, 31 Ill. App. 3d at 744, 335 N.E.2d at 54. Defendant later filed a *pro se* petition for writ of *habeas corpus*, alleging the trial court did not have jurisdiction to convict him because attempted voluntary manslaughter was not a crime in Illinois. *Id.* at 744-45, 335 N.E.2d at 54. Without determining whether attempted voluntary manslaughter was an offense in Illinois, the Fifth District Appellate Court held it was not error to accord the defendant the benefit of his bargain, which allowed him to receive a substantially reduced sentence. *Id.* at 748, 335 N.E.2d at 57. This case is similar because, as in *Isreal*, the plea agreement allowed defendant the luxury of pleading to a reduced charge and receiving a sentence of probation, rather than the three to seven years he would have faced had he been convicted of count II and/or count III, both Class 2 felonies (see 720 ILCS 570/401(d), 405.1(c) (West 2008)).

¶ 19　　In his reply brief, defendant argues the Fifth District Appellate Court took a step back from *Isreal* in *People v. Clark*, 80 Ill. App. 3d 46, 50, 399 N.E.2d 261, 265 (1979), when it held the "defendant's conviction cannot stand, since the statute under which he was convicted [was] a nullity." We are not convinced. In *Clark*, the defendant pleaded guilty to possession of a controlled substance under a similar statute which had been expressly declared a nullity in *People v. Natoli*, 70 Ill. App. 3d 131, 140, 387 N.E.2d 1096, 1102 (1979), because it punished simple possession more harshly than delivery of a controlled substance. Further *Clark* distinguished itself from *Isreal* on the ground the defendant in *Clark* pleaded guilty to the original offense, not a reduced charge, in exchange for a mere sentence recommendation. Indicating its agreement with the holding in *Isreal*, the *Clark* court stated "[w]hat the State relinquished in the [*Isreal*] plea negotiation was an opportunity to seek a longer sentence and a conviction on a more serious charge. Here, the State relinquished an opportunity to seek a more serious penalty on a prosecution the State could not maintain in any event. On the instant facts, the requisite loss on the part of the State necessary to establish estoppel does not appear." *Clark*, 80 Ill. App. 3d at 49, 399 N.E.2d at 264.

¶ 20　　*Stupka* upheld a defendant's conviction on a higher class felony for attempt (delivery) under the Act. It did not hold a general attempt conviction would be a nullity. Additionally, unlike the defendant in *Clark*, defendant's sentence of 24 months' probation was not a mere sentence recommendation but a fully negotiated agreement. The reduced charge was filed as part of the negotiations and defendant avoided conviction on higher-class felonies with mandatory prison time. He benefitted from his bargain with the State and should not be heard to complain now.

¶ 21　　　　　　　　　　　　　　III. CONCLUSION

¶ 22　　For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 23　　Affirmed.