THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL J. McNETT, Defendant-Appellant.

Second District   No. 2—04—0101

Opinion filed October 14, 2005.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Constance Augsburger, of Buzard & Augsburger, of Mt. Morris, for the People.

JUSTICE BOWMAN delivered the opinion of the court:

In 1999, defendant, Daniel J. McNett, entered into a plea agreement resolving three felony traffic cases then pending against him in Lake County. Certain terms of the sentence the court imposed on him under the agreement were more severe than authorized, and the court later voided those parts of the sentence. Defendant then moved to void the plea agreement, his convictions, and his whole sentence, contending that the void terms of the sentence make all of these void as well. The court denied that motion, and defendant appeals. We hold that the void portions of defendant's sentence were not essential terms of the plea agreement. Therefore, the agreement as a whole survived the voiding of those portions, and we need not decide whether defendant is correct that a void plea agreement results in void convictions. Defendant also disputes the validity of certain terms of his probation. That issue is moot, and we will not consider it. Accordingly, we affirm the judgment of the trial court.

On each of March 15, April 15, and April 30 of 1999, police arrested defendant for driving under the influence of alcohol and driving with a suspended license. Those arrests led to indictments in three cases: Nos. 99—CF—1280, 99—CF—1472, and 99—CF—1521. In each case, the charges were one count of driving with a revoked license (enhanced) (625 ILCS 5/6—303(a) (West 1998)) and one count of either aggravated driving under the influence of alcohol (625 ILCS 5/11—501(d)(1)(A) (West 1998)) or driving under the influence of alcohol (enhanced) (625 ILCS 5/11—501(c—1)(1) (West 1998)).

On August 6, 1999, defendant and the State agreed on the terms of a fully negotiated plea agreement. Defendant was to plead guilty to two counts of driving with a revoked license (enhanced), a misdemeanor count of driving with a revoked license, and two counts of driving under the influence of alcohol (enhanced). The State would nol-pros the aggravated-driving-under-the-influence-of-alcohol count. In two of the cases, defendant would receive concurrent sentences of 30 months' imprisonment with work release. In the other, he would receive a sentence of 30 months' probation, to be served consecutive to the sentence of imprisonment. The conditions of the probation were to include 18 months' periodic imprisonment, restitution of $1,600 to

Cheri Godock (whose car defendant damaged in the incident leading to the charges in No. 99—CF—1472), compliance with any orders of protection issued in favor of his ex-wife, and no contact with his ex-wife. In comments to the court, the State noted that the work release would allow defendant to get outpatient alcohol treatment under controlled conditions. After a conference under Supreme Court Rule 402 (177 Ill. 2d R. 402), the court accepted the agreement and imposed the agreed sentences.

Upon his release from the Department of Corrections, defendant, acting sometimes *pro se* and sometimes through retained or appointed counsel, filed a flurry of motions. These included a "Motion to Vacate Sentence of Periodic Imprisonment," in which he contended that (1) *any* sentence of periodic imprisonment consecutive to a sentence of ordinary imprisonment is unauthorized, and (2) under section 5—7—1 of the Unified Code of Corrections (Code) (730 ILCS 5/5—7—1 (West 1998)), no sentence of periodic imprisonment in a county work-release facility may be longer than one year. The court agreed with defendant's second contention, and, over the State's objection, vacated the last 6 months of the 18 months of periodic imprisonment. However, it denied his motion to the extent that it sought to vacate the entire term of periodic imprisonment. Defendant appealed.

This court, in a published opinion, affirmed the judgment of the trial court, holding that the Code in some circumstances permits a court to impose a term of probation with a condition of periodic imprisonment consecutive to a sentence of regular imprisonment. *People v. McNett*, 338 Ill. App. 3d 257, 260-61 (2003).

While his appeal was pending, defendant filed a "Petition for Post-Conviction Relief and Motion to Vacate Illegal and Void Plea Agreement." We find no clear disposition of this petition in the record. However, following the issuance of the mandate in defendant's original appeal, he filed a "Motion to Vacate Illegal Sentence and Void Plea Agreement" making similar arguments. In the motion, he contended that his plea agreement was void because (1) the term of periodic imprisonment was too long, (2) restitution was not then an authorized sentence for offenses under the Illinois Vehicle Code (625 ILCS 5/1—100 *et seq.* (West 1998)), and (3) the conditions concerning his ex-wife were unauthorized, given that she had no involvement with the case. About a month after he filed this motion, the court terminated his probation because of evidence that he had driven although his license remained revoked. The court denied the motion after a hearing in which the State fully participated, and defendant again appeals.

■ Initially, we note that, although the order from which defendant appeals purports to be a denial of defendant's "Motion to Vacate Il-

legal Sentence and Void Plea Agreement," we have jurisdiction to consider it as appropriately reclassified. Illinois law does not recognize a freestanding motion to vacate a void order. *People v. Helgesen*, 347 Ill. App. 3d 672, 675 (2004). However, at least when there are no issues of proper service on the State (see *People v. Mescall*, 347 Ill. App. 3d 995, 997-98 (2004)), a court may reclassify the motion and consider it as being brought under one of the statutorily authorized modes of collateral attack. In a criminal case, when the issue is purely one of voidness, it may consider it either as a postconviction petition (see 725 ILCS 5/122—1 *et seq.* (West 2002)) or as a petition under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2002)). *Helgesen*, 347 Ill. App. 3d at 675-76. This reclassification can be made for the first time on appeal. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 98, 101-02 (2002). Here, however, where the parties raise no issue concerning the procedure used by the trial court, and where the issues are purely legal, which classification we use has no significance. Our review is *de novo. People v. Breedlove*, 213 Ill. 2d 509, 512 (2004).

On appeal, defendant contends that, under *People v. Hare*, 315 Ill. App. 3d 606 (2000), in which this court held that a plea agreement was void when the parties agreed to a sentence below the statutory minimum, his plea agreement, his convictions, and his entire sentence are void. We disagree. In *Hare*, we held that a plea agreement is void as against public policy if an essential term is outside the court's power to impose. Here, the void terms of the sentence were too small a part of the agreement as a whole to constitute essential terms.

In *Hare*, the defendant was subject to mandatory Class X sentencing for burglary because of his prior burglary convictions, meaning that the minimum applicable sentence was six years, a fact the court recognized at a bond hearing. *Hare*, 315 Ill. App. 3d at 607-08. However, the State agreed to recommend a four-year sentence and to drop charges in two other burglary cases in exchange for the defendant's guilty plea. The court accepted the agreement and imposed the agreed sentence. *Hare*, 315 Ill. App. 3d at 607-08. Six days later, the court *sua sponte* vacated its judgment on the basis that the agreement provided for a sentence lower than the Class X minimum, and so was void. *Hare*, 315 Ill. App. 3d at 608. The defendant moved for what amounted to reformation of the agreement, contending that the State should be bound to recommend the minimum available Class X sentence of six years. *Hare*, 315 Ill. App. 3d at 608. The court disagreed, and the matter went to a stipulated bench trial, after which defendant received a 20-year sentence. *Hare*, 315 Ill. App. 3d at 609. On appeal, the defendant contended that he should have been entitled

to the six-year minimum sentence. *Hare*, 315 Ill. App. 3d at 608. Citing section 184 of the Restatement (Second) of Contracts (Restatement (Second) of Contracts § 184 (1981)), this court disagreed, holding that the specific sentence length was an essential element of the plea agreement and that, if an essential element of an agreement is unenforceable, the agreement as a whole is unenforceable. *Hare*, 315 Ill. App. 3d at 610.

■ Section 184 of the Restatement (Second) of Contracts provides a rule that, when some portion of an agreement is unenforceable as against public policy, "a court may nevertheless enforce the rest of the agreement in favor of a party who did not engage in serious misconduct if the performance as to which the agreement is unenforceable is not an essential part of the agreed exchange." Restatement (Second) of Contracts § 184(1), at 30 (1981). It may do this even when some degree of inequality results. Restatement (Second) of Contracts § 184(1), Comment *a* (1981). However, "[i]f the performance as to which the agreement is unenforceable is an essential part of the agreed exchange, the inequality will be so great as to make the entire agreement unenforceable." Restatement (Second) of Contracts § 184(1), Comment *a*, at 30 (1981). "Whether the performance is an essential part of the agreed exchange depends on its relative importance in the light of the entire agreement between the parties." Restatement (Second) of Contracts § 184(1), Comment *a*, at 30 (1981). The rationale for this rule is obvious; complex, multipart agreements on which there may have been significant reliance should not be void as a whole solely because some small part is against public policy. Similarly, in a criminal law context, the need to make a minor correction in a sentence should not be the undoing of what was otherwise a sound plea agreement.

The issue here is therefore whether we should deem the six months of periodic imprisonment cut from defendant's sentence to be an essential part of the agreement. We hold that, unlike the two-year change in the sentence in *Hare*, it was not.

In measuring the relative importance of the voided term in the light of the entire agreement between the parties, we keep in mind that the most important performance by a defendant in a plea agreement is his or her waiving of the right to trial. Thus, we will be cautious in holding that his or her acceptance of some particular sentence, or the State's granting of some sentencing concession, is an essential term of the agreement, unless the portion of the sentence involved is a large portion of the whole. (Obviously, the withdrawal of some sentencing concession may make a plea *involuntary*, but that is not at issue here.)

With this in mind, it is clear to us that a significant distinction

between this case and *Hare* is simply the quantitative difference in the change in the sentences. In *Hare*, conforming the sentence to the law would have required adding two years to a four-year sentence. Here, the entire sentence was 60 months, of which 6 were affected by the ruling on voidness. The court did not cut those six months from the sentence, but merely converted them from probation conditioned on work release to regular probation.

■ More important is that, in the modified sentence, defendant received as much work release time as the law permits under any circumstance. The record suggests that a long work release period was important to the State, as it provided conditions under which defendant could receive outpatient alcohol abuse treatment under controlled conditions. In deciding whether the inequality in the exchange of performances was "so great as to make the entire agreement unenforceable," we think it is important to note that nothing the State could have done, including going to trial, could have given it the result it intended. In *Hare*, by contrast, the defendant at least had the theoretical possibility of escaping imprisonment entirely by being acquitted after a trial.

■ As a final matter, defendant challenges the court's authority to impose several terms of his probation: the restitution and the conditions concerning his ex-wife. We hold that we need not consider those terms because they have no effect on the outcome of this case. The court terminated his probation. Thus, the individual terms can have no continuing effect on him unless they are necessary terms of the plea agreement whose invalidity has the potential to invalidate the convictions. In other words, the invalidity of a term that is not a necessary part of the agreement can have no effect on what happens to defendant. We do not think that any reasonable interpretation would make the restitution and the conditions concerning defendant's ex-wife essential.

When the reviewing court cannot grant effectual relief to the complaining party, the matter is moot. *People v. Roberson*, 212 Ill. 2d 430, 435 (2004). The mootness doctrine applies even to a voidness claim. See *Roberson*, 212 Ill. 2d at 440 (invoking the public interest exception to mootness to review a sentence held to be void). Thus, we do not address these claims.

For the reasons given, we affirm the order of the circuit court of Lake County denying defendant's "Motion to Vacate Illegal Sentence and Void Plea Agreement."

Affirmed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.