No. 2--04--1041                                  filed 6/1/06

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--1172 |
| GONZALO MONTIEL, | ) ) ) | Honorable Grant S. Wegner, |
| Defendant-Appellant. | ) | Judge, Presiding. |

____

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The defendant, Gonzalo Montiel, appeals from his sentence for unlawful delivery of 1 to 15 grams of cocaine (720 ILCS 570/401(c)(2) (West 2002)). He contends only that he is entitled to a credit of $5 a day against his fine for two days he spent incarcerated before his sentencing. We agree. However, because any fine the court imposed on him was less than the statutory minimum assessment of $2,000 under section 411.2(a)(2) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/411.2(a)(2) (West 2002)), we determine that his sentence is void to that extent. We therefore remand the matter to the trial court to impose all statutorily mandated fines and fees and to credit $10 against his fines.

A grand jury indicted the defendant on one count of unlawful delivery of 1 to 15 grams of cocaine while within 1,000 feet of a park (720 ILCS 570/407(b)(1) (West 2002)) (count I) and one count of unlawful delivery of 1 to 15 grams of cocaine (count II). Under a fully negotiated

agreement, the defendant pleaded guilty to count II. The State agreed to recommend a sentence of seven years' imprisonment and to further recommend that the defendant be considered for impact incarceration (boot camp). The court specifically warned the defendant that it could not guarantee his admission into the boot camp program. The defendant said that he understood. Neither the parties nor the court mentioned a fine during the plea proceedings. The court did state, however, that the defendant would have to pay a $212 DNA collection fee. The court accepted the agreement. The judgment order, entered January 14, 2004, shows the $212 collection fee and a fine of $1,000. The judgment order to the Department of Corrections from the same day shows that the defendant received a two-day credit against his sentence for two days of presentencing incarceration.

On March 16, 2004, the defendant filed a "Motion for the Court to resolve the Failure to be assigned to 'Boot Camp' as was ordered at sentencing." In it, he alleged that immigration issues had prevented his acceptance into boot camp, making the execution of the plea agreement, as he understood it, impossible. On April 7, 2004, he filed a motion for reduction of the sentence, asking for review, but stating no grounds. The State described the first motion as "some sort of a post-conviction petition" and asked for "a 402 conference." After a conference between the parties and the court, the court told the defendant that he had filed his motion for reduction of the sentence too late, but that, with the State's agreement, the court was reducing his sentence to four years' imprisonment, the other terms to remain unchanged. The court questioned the parties about their positions regarding "any potential error in regard to following a philosophy of revestment." Neither raised any concern. The parties filed the order embodying that agreement on May 12, 2004.

On October 13, 2004, the defendant filed a motion in this court, supported by affidavits, to allow a late notice of appeal. This court granted the motion. On appeal, the defendant argues only that he is entitled under section 110--14 of the Code of Criminal Procedure of 1963 (Code) (725

ILCS 5/110--14 (West 2002)) to a $5-a-day credit against his fine for two days he spent in jail before sentencing. The State, however, argues that the court did not impose a fine on the defendant, only the $212 DNA collection fee, so that the defendant lacks a fine against which to apply the credit. It contends that a conflict exists between the common-law record, which states that the court fined the defendant $1,000, and the court's oral pronouncement, which did not mention a fine, and that the oral pronouncement controls. It does not otherwise contest the defendant's entitlement to the credit. We agree with the defendant that he was entitled to a $10 credit against any fine. As we discuss, however, we need not decide whether the fine the trial court imposed was $0 or $1,000, because we hold that, under the principles of People v. Arna, 168 Ill. 2d 107 (1995), the sentence was void to the extent the fine was less than $2,000. Therefore, the defendant is entitled to his credit, but the trial court must first correct his sentence to include all nondiscretionary fines and fees, including the fine of $2,000.

As a preliminary matter, we consider the source of our jurisdiction in this case. The defendant contends that jurisdiction revested in the trial court when the State participated on the merits in the litigation of the defendant's two motions attacking his sentence (despite the untimeliness of the motions) and that this court therefore has jurisdiction over the matter as a direct appeal. The State contends that the supreme court's holding in People v. Flowers, 208 Ill. 2d 291(2003), precludes such jurisdiction. It asserts, however, that this court has jurisdiction because the trial court treated one of the defendant's postsentencing filings as a postconviction petition; according to the state, our jurisdiction is thus on the appeal of the ruling on a postconviction petition. As we will discuss, we do not read Flowers to have abrogated the doctrine of revestment. Further, we see no indication in the record that the court recharacterized either of the defendant's

postsentencing filings as a postconviction petition. Therefore, we hold that we have jurisdiction over the matter as a direct appeal.

The State argues, at least by implication, that the supreme court eliminated the doctrine of revestment when it stated in Flowers that "[l]ack of subject matter jurisdiction is not subject to waiver [citation] and cannot be cured through consent of the parties [citation]." Flowers, 208 Ill. 2d at 303, citing Toman v. Park Castles Apartment Building Corp., 375 Ill. 293, 302 (1940). We do not agree. More than half a century ago, in Toman, the court used language essentially indistinguishable from that it used in Flowers: "It is a familiar rule that when a court has no jurisdiction of the subject matter, it cannot be conferred by consent ***. *** There can be no waiver of jurisdiction of the subject matter where the trial court lacked jurisdiction to enter the order appealed from." Toman, 375 Ill. at 302. Despite this, the supreme court has applied the doctrine of revestment at least as recently as People v. Kaeding, 98 Ill. 2d 237, 241 (1983). It stated in Kaeding that the doctrine applies when "the parties *** actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment." Kaeding, 98 Ill. 2d at 241. If Toman did not eliminate the doctrine of revestment (as Kaeding shows that it did not), then neither did Flowers, which simply expresses the same principles as Toman.

Although cases accepting the doctrine of revestment are admittedly in tension with Flowers and Toman, they can be formally reconciled if one recognizes that it is not consent but active participation that revests jurisdiction. This interpretation is consistent with the facts of Flowers. The Flowers court held that the trial court had lacked jurisdiction to consider an untimely motion under Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). Flowers, 208 Ill. 2d at 303. However, no indication exists that the State actively participated in the consideration of the defendant's motion

(Flowers, 208 Ill. 2d at 297), so we have no reason to believe that the conditions for revestment, as stated by Kaeding, were met.

Here, the conditions for revestment were met. Both parties participated in proceedings in which the State, by its agreement to a lower sentence, effectively conceded that the previous sentence was higher than necessary to protect the public interest. We note that the State's description of the motion as "some sort of a post-conviction petition" raises a slight concern that it believed that it was participating in a new action. However, when the court explicitly stated that the defendant's motion was too late and raised the matter of revestment with the parties, the State did not clarify that it believed that it was involved in a postconviction proceeding. These circumstances make it clear that all involved were proceeding on the defendant's motion as a postjudgment motion. Contrary to the State's position on appeal, nothing that occurred suggests that the court recharacterized either of the defendant's motions as a postconviction petition.

We now turn to the matter of the defendant's sentence, which we find to be void because the fine is less than statute requires. Under section 411.2(a)(2) of the Act, a person convicted of a Class 1 felony under the Act must be assessed a fine of $2,000.[1] Unlawful delivery of 1 to 15 grams of cocaine is a Class 1 felony under the Act. 720 ILCS 570/401(c)(2) (West 2002). Therefore, a sentence for unlawful delivery of 1 to 15 grams of cocaine that does not include such a fine is contrary to statute. "A sentence which does not conform to a statutory requirement is void." Arna, 168 Ill. 2d at 113. Further, "courts have an independent duty to vacate void orders and may sua

---

[1]The State does not dispute that an assessment under section 411.2(a)(2) of the Act is a "fine" under section 110--14 of the Code, a principle that we recently reaffirmed. People v. Youngblood, No. 2--04--0987 (May 17, 2006).

sponte declare an order void." People v. Thompson, 209 Ill. 2d 19, 27 (2004). We hold the defendant's sentence to be void to the extent it does not include required fines and fees. We therefore remand the matter to the trial court to impose the $2,000 fine and all other statutorily required fines and fees.

The State conceded that the defendant was entitled to a $5-a-day credit of $10, but disputed only whether the court imposed a fine. Our order that the trial court impose a fine of $2,000 therefore resolves any issue of whether the defendant was entitled to a credit. On remand, the court should grant the defendant a credit of $10 against his fines.

As a final matter, we note that the defendant's plea agreement does not become void because of the change in his sentence. We considered the effect of a void term in a plea agreement on the validity of the agreement as a whole in People v. McNett, 361 Ill. App. 3d 444 (2005), and People v. Hare, 315 Ill. App. 3d 606 (2000). In those cases, we held that a plea agreement as a whole is void if an essential term cannot be performed. McNett, 361 Ill. App. 3d at 448; Hare, 315 Ill. App. 3d at 610. Whether a term is essential depends on the " 'relative importance [of the voided term] in the light of the entire agreement between the parties.' " McNett, 361 Ill. App. 3d at 448, quoting Restatement (Second) of Contracts §184(1), Comment a, at 30 (1981). In Hare, because the statutory mandatory minimum sentence for the defendant was six years, not the four years to which the parties agreed, a large change would have been needed to bring the agreement in compliance with the statute. Hare, 315 Ill. App. 3d at 609-10. We held that the entire agreement was void. Hare, 315 Ill. App. 3d at 610. We reached the opposite result in McNett because the change needed to make the sentence comply with the law was comparatively small and because the law prevented the State from achieving its exact objectives under any circumstances. In McNett, the parties agreed that the defendant's 60-month sentence would include 18 months' probation conditioned on work

release.  McNett, 361 Ill. App. 3d at 445.  The State noted its special interest in having the defendant receive a long term of work release so as to provide for him to get alcohol abuse treatment under controlled conditions.  McNett, 361 Ill. App. 3d at 446.  The trial court later converted 6 months of work release to ordinary probation because it found that 12 months is the longest authorized term of work release.  McNett, 361 Ill. App. 3d at 446.  We held that modification of the terms of the defendant's probation did not change an essential term of the plea agreement because of the comparatively minor quantitative change in the sentence and because the State had achieved the maximum allowable period of work release.  McNett, 361 Ill. App. 3d at 448-49.

Here, like McNett and unlike Hare, the necessary modifications to the sentence do not disturb the essential terms of the plea agreement.  As originally charged, the defendant faced the full possible range of Class X sentences, but negotiated first a seven-year sentence, and then a four-year sentence, the Class 1 minimum.  As a matter of common sense, the fines and fees are a minor issue and an inessential term of the agreement.  That said, the State and the trial courts should take particular care to fully inform defendants entering guilty pleas of all statutorily required fines and fees.  If not clearly stated, fines and fees can be uncomfortably reminiscent of hidden charges in an abusive consumer contract.  The plea agreement can stand despite correction of the sentence.  However, we regret the necessity to impose a sentence more severe than that to which the defendant agreed.

For the reasons given, we remand the matter to the circuit court of Kane County for it to modify the defendant's sentence to conform to applicable statutes and to grant him a credit of $10 against all fines.

Remanded with directions.

BYRNE and KAPALA, JJ., concur.