NO. 4-07-0677          Filed 3/3/08

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|        Plaintiff-Appellee, | ) | Circuit Court of |
|        v. | ) | Vermilion County |
| JOHN T. GREGORY, | ) | No. 05CF460 |
|        Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Claudia S. Anderson, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the opinion of the court:

In August 2005, the State charged defendant, John T. Gregory, with burglary (720 ILCS 5/19-1(a) (West 2004)) and retail theft over $150 (720 ILCS 5/16A-3(a) (West 2004)). Defendant and the State entered into a plea agreement, under which defendant would plead guilty to the burglary charge with a sentencing cap of three years' imprisonment and the State would dismiss the retail-theft charge. At the June 2006 plea hearing, the trial court admonished defendant that burglary was punishable by 3 to 7 years in prison or it could be 7 to 14 years in prison if aggravating factors were present. Defendant pleaded guilty to the burglary charge, and the court accepted the plea agreement and dismissed the retail-theft charge. After an August 2006 sentencing hearing, the court sentenced defendant to 24 months' probation.

In November 2006, the State filed a petition to revoke defendant's probation for failure to report to his probation officer. After a March 2007 hearing, the trial court found

defendant had violated his probation but reserved revocation. At the May 2007 resentencing hearing, the court found defendant was to be sentenced as a Class X felon based on his prior convictions (see 730 ILCS 5/5-5-3(c)(8) (West 2004) (all four versions apply in this case)), for which probation is not available (730 ILCS 5/5-5-3(c)(2)(C) (West 2004)). Thus, the court found defendant's probation sentence was void and resentenced him to 15 years' imprisonment. Defendant filed a motion to reconsider his sentence, which the court denied.

Defendant appeals, contending (1) his 15-year sentence must be vacated since he was not admonished about being sentenced as a Class X offender before he pleaded guilty and, (2) upon resentencing, he cannot be subject to an extended-term sentence. We vacate defendant's burglary conviction and sentence and remand with directions.

I. BACKGROUND

The burglary and retail-theft charges in this case arise from defendant's actions on July 31, 2005. The same charges were brought against defendant's codefendant, Christine Fields. At the initial hearing in August 2005, the trial court addressed defendant's bond, and defendant was asked whether he had any serious criminal convictions and whether he had done time in the Department of Corrections (DOC). Defendant indicated he had convictions years ago in 1994 and had been in DOC once. At another bond hearing in August 2005, defendant testified he had been to prison in 1994 for aggravated battery and served eight

months of a three-year sentence.  He was then placed on parole and completed it.  Defendant further testified he had not been on probation since his prison sentence.  We also note that, at another hearing in August 2005, defendant explained he had fallen down and cracked his skull about three years ago.  Since the head injury, defendant had suffered grand mal seizures.

As stated, defendant and the State entered into a plea agreement, under which defendant would plead guilty to the burglary charge with a sentencing cap of three years' imprisonment and the State would dismiss the retail-theft charge.  Fields reached the same deal with the State.  In June 2006, the trial court held a joint plea hearing for defendant and Fields.  At the hearing, the court explained the sentencing possibilities for the burglary charge, a Class 2 felony (720 ILCS 5/19-1(b) (West 2004)), as follows:

> "It's punishable by three to seven years in
> the penitentiary.  It could be [7] to [14]
> years if there were aggravating factors pres-
> ent; two years['] mandatory supervised re-
> lease; up to four years on probation; and up
> to a $25,000 fine."

Defendant did not have any questions about the possible penalties.  After finding the State's factual basis was sufficient, the court accepted the plea agreement.

The State's July 2006 presentence report stated the following information.  Defendant had been convicted of two

counts of "theft over," a Class 3 felony and, in October 1993, was sentenced to 30 months' probation and ordered to pay $6,364 in restitution, fines, and court costs. People v. Gregory, No. 92-CF-296 (Cir. Ct. Vermilion Co.). Defendant's probation was later revoked, and in February 1994, he received a three-year prison term. Defendant also received convictions for aggravated battery and escape, both Class 3 felonies, for which he was sentenced in February 1994 to three years' imprisonment to run concurrent with his sentence in case No. 92-CF-296. People v. Gregory, No. 93-CF-463 (Cir. Ct. Vermilion Co.). Besides traffic offenses, the report did not list any other offenses.

At the August 2006 sentencing hearing, defendant again testified he had only been to prison once. When asked whether it was for two cases, defendant stated he could not "even really go back that far." He did not remember 1994. The trial court sentenced defendant to 24 months' probation.

In November 2006, the State filed a petition to revoke defendant's probation because he had failed to report to probation on three occasions. In March 2007, the trial court held a hearing on the State's petition. The court found the State had proved its petition and reserved the issue of whether defendant's probation should be revoked pending sentencing.

In April 2007, the State submitted an updated presentence report, which listed two more convictions than the original presentence report. One conviction was for possession of a controlled substance with the intent to deliver, a Class 2

felony, for which defendant pleaded guilty and received 30 months' probation in February 1996. People v. Gregory, No. 95-CF-310 (Cir. Ct. Vermilion Co.). The other conviction was for an August 1997 residential burglary, a Class 1 felony, for which defendant received a four-year prison term. People v. Gregory, No. 97-CF-2163 (Cir. Ct. Winnebago Co.).

In May 2007, the trial judge, who was not the judge who presided over defendant's original plea and sentencing hearing, held a resentencing hearing. The State noted that, based upon defendant's prior convictions listed in the presentence report, defendant was subject to Class X sentencing. See 730 ILCS 5/5-5-3(c)(8) (West 2004). The prosecutor further stated, "It's not like his admonishment is incorrect." The trial court indicated defendant's probation sentence was void, and it would sentence defendant as a Class X offender. After hearing all of the evidence, the court resentenced defendant to 15 years' imprisonment.

In June 2007, defendant filed a motion to reconsider, contending the sentence was a hardship and excessive. After a July 2007 hearing, the trial court denied defendant's motion. This appeal followed.

## II. ANALYSIS

On appeal, defendant contends his 15-year sentence must be vacated because the trial court in the original plea hearing failed to admonish him that he could be sentenced as a Class X offender. Defendant acknowledges he failed to raise this issue

in the trial court but asserts it is plain error.  See 134 Ill. 2d R. 615(a); People v. Fuller, 205 Ill. 2d 308, 322-23, 793 N.E.2d 526, 537 (2002) (recognizing a trial court's noncompliance with Supreme Court Rule 402 (177 Ill. 2d R. 402) in admonishing a defendant may amount to plain error).  He further argues he should be resentenced with a maximum sentence of seven years' imprisonment based on the court's original admonishment as the court failed to inform him he was eligible for an extended term.

The State agrees the trial court's admonishment was defective and the sentence cannot stand but disagrees with defendant about the appropriate remedy.  It argues defendant's guilty plea should be vacated and he be allowed to replead.  The State also contends that, if the plea is not vacated, then defendant's sentence should be reduced to 14 years' imprisonment or he be resentenced with a maximum of 14 years' imprisonment based on the extended-term-sentencing admonishment.  We note the appropriate remedy for this situation is a matter of first impression in Illinois.

"When no direct appeal is taken from an order of probation and the time for appeal has expired, a reviewing court is precluded from reviewing the propriety of that order in an appeal from a subsequent revocation of that probation, unless the underlying judgment of conviction is void."  People v. Johnson, 327 Ill. App. 3d 252, 256, 762 N.E.2d 1180, 1183 (2002) (Johnson I).  Thus, the State's remedy of vacation of the plea and having defendant plead anew is only available if defendant's burglary

conviction is void. The State contends this case is actually an appeal from the trial court's resentencing on the original conviction, not a resentencing after a probation revocation. Regardless of the posture of this case, the result is the same since the original plea agreement and conviction are void.

"A void judgment is one entered by a court (1) without jurisdiction or (2) that exceeded its jurisdiction by entering an order beyond its inherent power." Johnson I, 327 Ill. App. 3d at 256, 762 N.E.2d at 1183. We note improper admonishments themselves do not render the defendant's conviction and sentence void. People v. Jones, 213 Ill. 2d 498, 509, 821 N.E.2d 1093, 1099 (2004).

Defendant acknowledges his original sentence of probation was void. However, as the State points out, the three-year sentencing cap contained in the plea agreement was also void since probation is not available for a Class X felony (730 ILCS 5/5-5-3(c)(2)(C) (West 2004)) and the minimum prison sentence is 6 years (730 ILCS 5/5-8-1(a)(3) (West 2004) (as amended by Pub. Act 94-165, §5, eff. July 11, 2005 (2005 Ill. Legis. Serv. 1538, 1544 (West)))). This point raises the issue of whether the underlying burglary conviction was void.

In People v. Hare, 315 Ill. App. 3d 606, 609-11, 734 N.E.2d 515, 517-19 (2000), the Second District addressed the impact of a void sentencing concession on the plea agreement in determining the defendant's appeal from the denial of his request for "specific performance" of his plea agreement. There, the

defendant contended the plea agreement demonstrated the parties had intended the State would recommend the minimum sentence, which the parties erroneously believed was four years' imprisonment rather than six years' imprisonment. Hare, 315 Ill. App. 3d at 609, 734 N.E.2d at 517-18. The Second District rejected defendant's argument.

In rejecting the argument, the Second District found that, while no Illinois case was precisely on point, the language utilized by our supreme court in People v. Wade, 116 Ill. 2d 1, 506 N.E.2d 954 (1987), appeared to control. Hare, 315 Ill. App. 3d at 609, 734 N.E.2d at 518. In Wade, 116 Ill. 2d at 7-8, 506 N.E.2d at 956-57, the defendant asserted Supreme Court Rule 402(d)(2) (87 Ill. 2d R. 402(d)(2)) had required the trial judge to recuse himself at the defendant's trial because the judge had vacated the defendant's negotiated sentence of probation because it was less than the statutory minimum and then presided over the defendant's subsequent trial. The Hare court quoted the following language the Wade court used in rejecting the defendant's assertion:

> "'[T]he agreement was no longer effective after the probation term was vacated. [Citations.] The judge permitted Wade to plead not guilty after the probation term was vacated because it was clear there was no longer an agreement between the parties on the plea. With no plea agreement before the

court, Rule 402(d)(2) did not apply ***.'"
Hare, 315 Ill. App. 3d at 610, 734 N.E.2d at
518, quoting Wade, 116 Ill. 2d at 9, 506
N.E.2d at 957.

The Second District concluded the aforementioned language meant that, "when a trial court vacates an illegal sentence that it entered in accordance with a plea agreement, the illegality voids the entire agreement and not merely the sentence." Hare, 315 Ill. App. 3d at 610, 734 N.E.2d at 518.

The Hare court found that conclusion was consistent with general contract-law principles, in that, "without proper consideration from both parties, a purported contract is illusory and cannot be enforced in either law or equity" and "[a]n agreement is not enforceable in part if the unenforceable aspect is an essential part of the agreed exchange." Hare, 315 Ill. App. 3d at 610, 734 N.E.2d at 518-19. The court concluded the plea agreement was unenforceable because the infirmity affected an essential part of the plea agreement and thus the denial of the defendant's motion for specific performance was proper. Hare, 315 Ill. App. 3d at 610-11, 734 N.E.2d at 519.

The Second District has since further expounded upon its decision in Hare, emphasizing the agreement is only unenforceable if the unenforceable portion is an essential part of the agreement. See People v. McNett, 361 Ill. App. 3d 444, 448, 837 N.E.2d 461, 465 (2005); People v. Montiel, 365 Ill. App. 3d 601, 606, 851 N.E.2d 725, 729 (2006). "Whether a term is essen-

- 9 -

tial depends on the '"relative importance [of the voided term] in the light of the entire agreement between the parties."'" Montiel, 365 Ill. App. 3d at 606, 851 N.E.2d at 729, quoting McNett, 361 Ill. App. 3d at 448, 837 N.E.2d at 465, quoting Restatement (Second) of Contracts §184(1), Comment a, at 30 (1981).  The entire agreement in Hare was void because "a large change would have been needed to bring the agreement in compliance with the statute."  Montiel, 365 Ill. App. 3d at 606, 851 N.E.2d at 729.  However, the conversion of 6 months of 18 months' probation conditioned on work release to regular probation was not essential "because of the comparatively minor quantitative change in the sentence and because the State had achieved the maximum allowable period of work release."  Montiel, 365 Ill. App. 3d at 607, 851 N.E.2d at 729, citing McNett, 361 Ill. App. 3d at 445-46, 448-49, 837 N.E.2d at 443, 446.  Moreover, the imposition of a $2,000 fine that was not part of the plea agreement did not render the entire agreement void because "the fines and fees are a minor issue and an inessential term of the agreement."  Montiel, 365 Ill. App. 3d at 607, 851 N.E.2d at 729.

The First District has also touched upon the voidness issue in addressing the appropriate remedy when a plea agreement provides for a sentence that is void.  See People v. Caban, 318 Ill. App. 3d 1082, 1086-89, 743 N.E.2d 600, 604-06 (2001); People v. Johnson, 338 Ill. App. 3d 213, 216, 788 N.E.2d 152, 154-55 (2003) (Johnson II).  The Caban court discussed the Hare decision and, after reviewing conflicting authority from other states,

- 10 -

concluded the better remedy was to vacate the defendant's guilty plea. <u>Caban</u>, 318 Ill. App. 3d at 1088, 743 N.E.2d at 605-06. That conclusion was supported by (1) the supreme court's repeated statement that trial courts generally lack "authority to impose punishment other than that provided by statute" and (2) and a fundamental principle of contract law that "an illegal contract is void <u>ab initio</u>." <u>Caban</u>, 318 Ill. App. 3d at 1088-89, 743 N.E.2d at 606. The <u>Johnson II</u> court concluded the defendant should be allowed to withdraw his guilty plea since the State and defendant lacked an agreement due to the void sentencing order. <u>Johnson II</u>, 338 Ill. App. 3d at 216, 788 N.E.2d at 155.

In this case, the parties agreed to a sentencing cap of three years' imprisonment, which was three years less than the six-year minimum mandated by statute (see 730 ILCS 5/5-5-3(c)(2)(C) (West 2004); 730 ILCS 5/5-8-1(a)(3) (West 2004) (as amended by Pub. Act 94-165, §5, eff. July 11, 2005 (2005 Ill. Legis. Serv. 1538, 1544 (West)))). This three-year difference is even greater than the two-year difference in <u>Hare</u> that was found large enough to be a change in an essential part of the contract. Further, we note none of the cases addressing the appropriate remedy for void sentencing orders as the result of a plea agreement discussed which party was at fault for the unlawful sentence. Thus, we find irrelevant the parties' discussion about who was responsible for the unlawful sentencing concession. Under <u>Hare</u> and the subsequent cases, the plea agreement in this case is void.

Defendant argues we should not follow Hare because it did not involve improper admonishments and the trial court still had jurisdiction over the proceedings since the court rescinded its concurrence with the plea agreement within 30 days of sentencing. We disagree that those contentions make Hare's analysis inapplicable to this case.

As to jurisdiction, as long as a court has jurisdiction over the defendant's cause, a claim of voidness can be addressed since "an attack on a void judgment may be raised at any time" (People v. Brown, 225 Ill. 2d 188, 199, 866 N.E.2d 1163, 1169 (2007)). Moreover, the First District in Johnson II addressed the appropriate remedy for a void probation order pursuant to a plea agreement in the context of a collateral postconviction proceeding. See Johnson II, 338 Ill. App. 3d at 214, 788 N.E.2d at 153. Thus, the fact the trial court in Hare vacated the unlawful sentence soon after it was entered does not make Hare inapplicable to this case.

While the Hare case did not discuss improper admonishments, it is likely the admonishments were incorrect if neither the parties nor the trial court realized the negotiated four-year sentence for a defendant subject to Class X sentencing was unlawful. The facts in the Hare decision only indicate the trial judge recognized the defendant was subject to Class X sentencing under section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 1996)) at a bond hearing. Hare, 315 Ill. App. 3d at 607, 734 N.E.2d at 516. However, courts can only

- 12 -

look to the admonishments given at the guilty-plea hearing to determine if the admonishment requirements of Rule 402 have been fulfilled.  People v. Johns, 229 Ill. App. 3d 740, 744, 593 N.E.2d 594, 597 (1992); People v. Blankley, 319 Ill. App. 3d 996, 1007, 747 N.E.2d 16, 25 (2001).

Moreover, the probation-revocation cases defendant cites in support of his resentencing argument involved only an improper sentencing admonishment, not an improper admonishment along with a void probation order that had the potential to invalidate the plea agreement.  When only an improper sentencing admonishment is at issue, withdrawal of the guilty plea is not an available remedy since improper admonishments do not themselves render a defendant's conviction void (Jones, 213 Ill. 2d at 509, 821 N.E.2d at 1099) and a reviewing court can only review the propriety of the underlying judgment in an appeal from a probation revocation if it is void (Johnson I, 327 Ill. App. 3d at 256, 762 N.E.2d at 1183).  See People v. Taylor, 368 Ill. App. 3d 703, 707-08, 859 N.E.2d 20, 25 (2006) (addressing an unadmonished extended-term sentence after a probation revocation).  Thus, when just the admonishment was improper, the only available remedy to address the error is a sentence in accordance with the improper admonishment.  Since this case involves a void probation order, the facts of this case are distinguishable from the ones cited by defendant.

Accordingly, we find the plea agreement in this case is void because the sentencing concession was a significant devia-

tion from that provided by statute. Since defendant's burglary conviction was based on a void plea agreement, the burglary conviction is also void. A judgment is void when the trial court enters an order beyond its inherent power. Johnson I, 327 Ill. App. 3d at 256, 762 N.E.2d at 1183. A trial court does not have the authority to accept and enter a judgment on a plea agreement that contained a sentencing provision that was not provided by statute. See Caban, 318 Ill. App. 3d at 1088, 743 N.E.2d at 606 (noting a court generally lacks "authority to impose a punishment other than that provided by statute"). Since the plea agreement and conviction are void, "specific performance [is] not a viable option." Caban, 318 Ill. App. 3d at 1088, 743 N.E.2d at 605, citing Hare, 315 Ill. App. 3d at 609-11, 734 N.E.2d at 517-19. Thus, we find the appropriate remedy is to vacate defendant's conviction and allow him to withdraw his guilty plea, if he so desires.

III. CONCLUSION

For the reasons stated, we vacate defendant's burglary conviction and sentence and remand the cause for further proceedings consistent with this opinion.

Vacated and remanded with directions.

MYERSCOUGH and COOK, JJ., concur.