2021 IL App (2d) 180260-U
No. 2-18-0260
Order filed March 15, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08-CF-3798 |
| STEPHEN KNIGHTEN, | ) ) | Honorable Patricia S. Fix, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BIRKETT delivered the judgment of the court.
Justices Zenoff and Brennan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court's decision not to recharacterize defendant's February 5, 2018, *pro se* pleadings as a postconviction petition may not be reviewed for error.  Therefore, we affirm the trial court's judgment.

¶ 2   Defendant, Stephen Knighten, appeals the judgment of the circuit court of Lake County dismissing his February 5, 2018, *pro se* pleadings entitled "Judicial Notice [of] Fact Finding and Conclusion of Law" and "Petition for Judicial Review and Determination to Resolve a Justiciable Matter."  On appeal, defendant urges us to recharacterize the two documents as a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)).  We decline to do so and affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4      We summarize the pertinent facts from the record.  On September 9, 2008, defendant, who was at that time 15 years of age, along with codefendant Rickie Nichols, sexually assaulted the 16-year-old victim, K.H.  Specifically, defendant and his codefendant approached the victim, placed an airsoft pellet gun in the victim's side, ordered the victim to accompany them behind an apartment building, and each placed his penis in her mouth.  On April 13, 2009, defendant entered into a negotiated guilty plea.  Defendant pleaded guilty to aggravated criminal sexual assault (720 ILCS 5/12-14(a)(1) (West 2008)) and accepted a 16-year sentence with a term of mandatory supervised release (MSR) of 3 years to natural life.  Defendant's sentence was an aggregate of the 6-year minimum for the basic underlying class X felony plus the 10-year addition for displaying an item that looked like a firearm.  720 ILCS 5/12-14(d)(1) (West 2008).  The trial court advised defendant that he would be required to serve at least 85% of his term of imprisonment, and that, upon completion of his incarceration, he would be required to serve a term of MSR of three years to natural life.  Defendant did not directly appeal from his guilty plea.

¶ 5      In 2013, defendant filed, *pro se*, a "Motion for Order to Correct Mittimus *Nunc Pro Tunc*." In the 2013 *pro se* motion, defendant alleged that, by serving 85% of the 16-year sentence plus the MSR term, he would be serving 16 years and 6 months, which constituted a sentence longer than the law authorized.  The trial court denied the 2013 *pro se* motion and defendant appealed.  This court rejected defendant's arguments in a summary order.  *People v. Knighten*, No. 2-13-0405 (April 23, 2015) (*Knighten I*) (unpublished summary order under Illinois Supreme Court Rule 23(c)).  As is relevant here, we concluded that we had jurisdiction over defendant's appeal because we were allowed, pursuant to *People v. McNett*, 361 Ill. App. 3d 444, 447 (2005), to recharacterize

for the first time on appeal defendant's pleading in the trial court as a petition for relief from a void judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)), despite defendant's failure to label it as such. *Knighten I*, ¶ 6. Based on defendant's arguments in this appeal, we need not further consider or even review the substance, such as it is, of our decision in *Knighten I*.

¶ 6    On February 5, 2018, defendant filed two *pro se* pleadings. The first document was entitled "Judicial Notice [of] Fact Finding and Conclusion of Law." This document purported to be a request for the trial court to take judicial notice of select cases touching on the punishment of juvenile offenders, and specifically, the cases prohibiting mandatory life sentences. Defendant requested an evidentiary hearing regarding the cases cited in the document.

¶ 7    The second document was styled as a petition and entitled "Petition for Judicial Review and Determination to Resolve a Justiciable Matter." Defendant purported that it was raised pursuant to section 9 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9), and defendant appears to suggest that he should not have received the automatic 10-year add-on for displaying an item that the victim believed to be a firearm (720 ILCS 12-14(d)(1) (West 2008)); instead, defendant urges that the decision whether to impose the 10-year add-on should have been discretionary and that the trial court should have considered the essential and attendant qualities of his youth in fashioning his sentence.

¶ 8    On February 14, 2018, the trial court denied both pleadings. The court stated that, even under the most liberal interpretation, it could not discern either the statutory basis for the pleadings or any request for relief. The court also expressly instructed defendant to file, within 30 days, a motion to reconsider setting forth any and all grounds the court ought to consider, and it noted that

any reasons omitted from the motion to reconsider would be deemed to be waived. The court further noted that, if defendant were indigent and needed assistance with the preparation, writing, or filing of his motion, he could request the services of a public defender to assist him.

¶ 9   Defendant did not seek the assistance of a public defender. Instead, on March 12, 2018, defendant filed a *pro se* motion for extension of time, but he did not specify what he needed the extension for. Instead, defendant contended that he could not read the handwritten February 14, 2018, order and requested that the orders be typed instead. In addition, also on March 12, 2018, defendant filed a *pro se* motion for reconsideration. As grounds for reconsideration, defendant contended that he had not raised the issue before, so the trial court's denials of the "Judicial Notice [of] Fact Finding and Conclusion of Law" and the "Petition for Judicial Review and Determination to Resolve a Justiciable Matter" were erroneous. Defendant further suggested that these motions presented exculpatory evidence, however, he then argued that the evolving landscape concerning punishment of juvenile offenders and changes in the law merited the court's reconsideration of the two pleadings.

¶ 10   On March 14, 2018, the trial court denied the motion for extension of time and the motion for reconsideration. Regarding the motion for extension, the court once again was unable to determine what defendant wanted the extension for and denied the motion for a lack of clarity in what defendant was requesting. Regarding the motion for reconsideration, the trial court denied it, apparently, because it largely duplicated defendant's contentions in *Knighten I*.

¶ 11   Defendant timely appeals.

¶ 12                                II. ANALYSIS

¶ 13   On appeal, defendant argues that he stated the gist of a claim of constitutional deprivation because the mandatory sentencing provisions failed to account for his youthfulness and its attendant qualities, and presuming that we would recharacterize the February 5, 2018, pleadings as a postconviction petition. Effectively, then, defendant first argues that the trial court failed to properly recharacterize his *pro se* pleadings as a cognizable postconviction petition. We disagree.

¶ 14   Central to defendant's contention on appeal is the request that we recharacterize the February 5, 2018, pleadings as a postconviction petition. However, section 122-1(d) of the Act (725 ILCS 5/122-1(d) (West 2018)) provides that:

> "A person seeking relief by filing a petition under this Section must specify in the petition or its heading that it is filed under this Section. A trial court that has received a petition complaining of a conviction or sentence that fails to specify in the petition or its heading that it is filed under this Section need not evaluate the petition to determine whether it could otherwise have stated some grounds for relief under this Article."

In *People v. Shellstrom*, 216 Ill. 2d 45, 53 (2005), our supreme court held that "where a *pro se* pleading alleges a deprivation of rights cognizable in a postconviction proceeding, a trial court may treat the pleading as a postconviction petition." The court emphasized that, while a trial court was allowed to recharacterize a *pro se* pleading as a postconviction petition, there was no requirement that the court do so. *Id.* at 53 n.1.

¶ 15   Later, our supreme court sharpened its interpretation of *Shellstrom* in light of the permissive language of section 122-1(d). In *People v. Stoffel*, 239 Ill. 2d 314, 324 (2010), the court held that, because a trial court has no obligation to recharacterize a *pro se* pleading as a postconviction petition, it "cannot be error for a trial court to fail to do something it is not required

to do." The court thus concluded that "a trial court's decision *not* to recharacterize a defendant's *pro se* pleading as a postconviction petition may not be reviewed for error." (Emphasis in original.) *Id.* The corollary of the rule, of course, is that once the trial court has recharacterized the *pro se* pleading as a postconviction petition, the case proceeds as if the defendant had properly identified his or her *pro se* pleading. *Id.* at 325. Finally, while the trial court's determination not to recharacterize a *pro se* pleading may not be reviewed under *Stoffel*, its decision to recharacterize the *pro se* pleading as a postconviction petition (as opposed to some other proper motion or petition) may be reviewed for an abuse of discretion. *People v. Holliday*, 369 Ill. App. 3d 678, 682 (2007).

¶ 16    In this case, defendant did not indicate anywhere in his February 5, 2018, *pro se* pleadings that he was seeking relief under the Act. When the trial court invited defendant to file a motion for reconsideration and informed defendant any ground not included in the motion for reconsideration would be deemed waived, defendant still did not indicate that he was seeking relief under the Act. Based on the trial court's comments, we believe that, had defendant included in his motion for reconsideration that he was seeking relief under the Act, the court would likely have recharacterized the February 5, 2018, pleadings as a postconviction petition. However, because there was absolutely no indication that defendant was pursuing relief under the Act, the trial court refused to recharacterize defendant's February 5, 2018, *pro se* pleadings as a postconviction petition. That decision is unreviewable and must stand. *Stoffel*, 239 Ill. 2d at 324 (trial court's decision to not recharacterize a defendant's *pro se* pleading as a postconviction petition may not be reviewed for error).

¶ 17    Defendant attempts to avoid the unreviewability of the trial court's failure to recharacterize his February 5, 2018, pleadings as a postconviction petition first, by simply asking that we, for the first time on appeal, recharacterize them as a postconviction petition. However, asking us to recharacterize the February 5, 2018, pleadings is an implicit contention that the trial court erred by not recharacterizing them, and such an allegation of error in failing to recharacterize, implicit or explicit, is unreviewable. *Stoffel*, 239 Ill. 2d at 324.

¶ 18    Defendant also attempts to circumvent the unreviewability by suggesting that *McNett*, 361 Ill. App. 3d at 446-47, provides us discretion to recharacterize a pleading as a postconviction petition for the first time on appeal. The viability of any discretion to recharacterize a pleading for the first time on appeal under *McNett* is questionable given the subsequent decision of *Stoffel* and the recognition that the request is an implicit assignment of error in the trial court. Even accepting that this concern may be overcome, *McNett* specifically dealt with a voidness challenge. *Id.* at 447 (in a criminal case, when the issue is purely one of voidness, the court may consider it either as a postconviction petition or as a petition under section 2–1401 of the Code). Moreover, the cases relied on by *McNett* also specifically dealt with challenges to allegedly void judgments. Here, by contrast, defendant is not claiming that his sentence was void (a challenge that could not survive given our supreme court's holding in *People v. Castleberry*, 2015 IL 116916, ¶ 19 ("the void sentencing rule is hereby abolished")), but that the mandatory sentencing was constitutionally impermissible given his status as a juvenile defendant. Thus, *McNett* does not appear to be applicable to defendant's circumstances and, even if defendant were to evade the unreviewability of his implicit assignment of error to the trial court's failure to recharacterize his February 5, 2018,

pleadings, neither *McNett* nor the cases on which it relied offers a basis to recharacterize anything but a voidness challenge.

¶ 19    Accordingly, we cannot accept defendant's invitation to review the unreviewable, regardless of whether that invitation is implicit or express.  We therefore must affirm the trial court's judgment, and we do not reach the merits of the contentions defendant advances on appeal. As defendant has yet to file a postconviction petition under the Act, assuming he can otherwise comply with the Act's requirements (see generally, 725 ILCS 5/122-1 *et seq.* (West 2018)), he may still do so.  *Holliday*, 369 Ill. App. 3d at 682.

¶ 20                                     III. CONCLUSION

¶ 21    For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

¶ 22    Affirmed.