2015 IL App (3d) 130720

Opinion filed September 1, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal No. 3-13-0720 |
| v. | ) ) | Circuit No. 08-CF-1420 |
| RONALD A. SCALISE, | ) ) ) | Honorable Edward A. Burmila, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justice Lytton concurred in the judgment and opinion.
Justice Wright dissented, with opinion.

**OPINION**

¶ 1 Defendant, Ronald A. Scalise, pled guilty to two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2008)) in exchange for consecutive sentences of 12 years' imprisonment on each of the charges. On appeal, defendant argues that the court erred in imposing a $500 sex crimes fine.[1] We vacate in part, modify in part, and remand with directions.

_____

[1]Defendant does not contest the validity of his pleas and prison sentences.

¶ 2                                          FACTS

¶ 3         Defendant was charged by indictment with six counts of predatory criminal sexual assault of a child. Defendant pled guilty to counts I and II of the indictment in exchange for the dismissal of the four remaining counts. Count I alleged that defendant committed the offense of predatory criminal sexual assault of a child between October 12, 1998, and October 12, 1999. Count II alleged that defendant committed the offense of predatory criminal sexual assault of a child between October 13, 1999, and October 12, 2000. During the plea hearing, the State described the agreement that it had reached with defendant. The agreement included costs of $6,056, which was covered by defendant's $50,000 bond. At the conclusion of the hearing, the court accepted defendant's plea and imposed consecutive sentences of 12 years' imprisonment on counts I and II. The court ordered defendant to provide a DNA sample and made a finding for costs. The court entered a written order for costs that included a $500 assessment for "Sex Crimes (State offender DNA database)—(730 ILCS 5/5-4-3(j))." The court also imposed a $200 DNA analysis fee which cited the same statute as the sex crimes assessment.

¶ 4         On September 6, 2011, defendant filed a petition for postconviction relief. In the petition, defendant argued that: (1) he received ineffective assistance of counsel; (2) his plea was coerced; and (3) his sentence was excessive. The court advanced the petition to the second stage of proceedings and appointed counsel. Defense counsel filed an amended postconviction petition arguing that defendant had received ineffective assistance of counsel, and the State filed a motion to dismiss the petition. The court granted the State's motion to dismiss. Defendant appeals.

¶ 5                                        ANALYSIS

¶ 6    Defendant argues that the court erred in imposing a $500 sex crimes assessment where the cited statute did not authorize the assessment and the only authority for the assessment did not take effect until after the date of defendant's offenses. The State argues that the $500 sex crimes assessment was part of defendant's fully negotiated plea agreement, and therefore, it may not be altered. Upon review, we find that the sex crimes assessment was erroneously imposed, but defendant was statutorily subject to a $100 sexual assault fine that was not imposed.

¶ 7    At the time of sentencing, section 5-4-3(j) of the Unified Code of Corrections (Code) did not authorize the imposition of a $500 sex crimes assessment. See 730 ILCS 5/5-4-3(j) (West 2008). Instead, this section authorized the imposition of a $200 DNA analysis fee, which the court properly imposed in a different section of the costs order. *Id*. Therefore, defendant's $500 sex crimes assessment is void because the trial court could not assess costs that were not authorized by statute. *People v. Hunter*, 358 Ill. App. 3d 1085, 1094 (2005).

¶ 8    Alternatively, the trial court may have intended to impose a $500 sex offender fine, which was statutorily mandated at the time of sentencing. 730 ILCS 5/5-9-1.15(a) (West 2008). The sex offender fine was enacted by Public Act 95-600 and became effective June 1, 2008. See Pub. Act 95-600, § 15 (eff. June 1, 2008) (adding 730 ILCS 5/5-9-1.14).[2] Defendant committed the offenses at issue between 1998 and 2000, well before the sex offender fine took effect. 730 ILCS 5/5-9-1.15 (West 2008). As this fine is punitive, its imposition in the instant case would violate the prohibition against *ex post facto* laws and be subject to vacatur. U.S. Const., art. I, § 10; Ill. Const. 1970, art. I, § 16; *People v. Dalton*, 406 Ill. App. 3d 158, 164 (2010) (vacating a

---

[2]Section 5-9-1.14 of the Code was added by Public Act 95-600, § 15 (eff. June 1, 2008). It was later renumbered as section 5-9-1.15 by Public Act 95-876, § 355 (eff. Aug. 21, 2008).

sex offender fine due to an *ex post facto* violation). As a result, defendant's $500 sex crimes assessment cannot stand as a section 5-9-1.15(a) mandatory sex offender fine.

¶ 9 Due to the errors discussed *supra*, we vacate defendant's $500 sex crimes assessment.

¶ 10 In addition to defendant's challenge to the sex crimes assessment, we find that defendant's sentence is also void because he was not subject to the mandatory $100 sexual assault fine. See 730 ILCS 5/5-9-1.7(b)(1) (West 1998); *People v. Montiel*, 365 Ill. App. 3d 601, 606 (2006). Although the parties do not raise this issue, we have an independent duty to vacate void orders and may *sua sponte* declare an order void. *People v. Thompson*, 209 Ill. 2d 19, 27 (2004). Specifically, "[a] sentence which does not conform to a statutory requirement is void." *People v. Arna*, 168 Ill. 2d 107, 113 (1995). Section 5-9-1.7(b)(1) of the Code states "a fine of $100 shall be imposed upon any person who pleads guilty or who is convicted of, or who receives a disposition of court supervision for, a sexual assault or attempt of a sexual assault." 730 ILCS 5/5-9-1.7(b)(1) (West 1998). "Sexual assault" is defined to include predatory criminal sexual assault of a child. 730 ILCS 5/5-9-1.7(a)(1) (West 1998). The fine may only be reduced or waived upon request of the victim or the victim's representative. 730 ILCS 5/5-9-1.7(b)(1) (West 1998).

¶ 11 Here, the record discloses no request by the victim or the victim's representative to reduce or waive this fine. Consequently, we hold that defendant's sentence is void to the extent it does not include the required $100 sexual assault fine. *Id.* Therefore, we exercise our authority to correct this void sentence and modify the judgment to include the statutorily mandated $100 sexual assault fine on counts I and II for a total assessment of $200. *Id.*; *People v. Smith*, 2014 IL App (4th) 121118, ¶ 77; see also *Arna*, 168 Ill. 2d at 113. Because defendant applied $500 of his bond to satisfy the erroneous sex crimes assessment and is now subject to two mandatory

4

$100 sexual assault fines, we order the clerk to issue to defendant a $300 refund. *People v. Molidor*, 2012 IL App (2d) 110006, ¶ 20.

¶ 12    Finally, we note that defendant's plea agreement does not become void because of the changes to his sentence. *Montiel*, 365 Ill. App. 3d at 606. "As a matter of common sense, the fines and fees are a minor issue and an inessential term of the agreement." *Id*. at 607. Consequently, the plea agreement stands despite the correction of the fines and fees issues in the sentence.

¶ 13                                CONCLUSION

¶ 14    The judgment of the circuit court of Will County is vacated in part, modified in part, and remanded with directions.

¶ 15    Vacated in part and modified in part.

¶ 16    Cause remanded with directions.

¶ 17    JUSTICE WRIGHT, dissenting.

¶ 18    For the reasons set forth below, I contend reviewing courts should cease correcting isolated financial charges incorporated into an *agreed* sentence imposed by the trial court. I respectfully suggest the time has come for reviewing courts to begin strictly applying forfeiture for untimely challenges to individual fines or costs raised for the first time on appeal.

¶ 19    It is undisputed that during negotiations the parties first considered, calculated, and then agreed to the sum total of monetary costs the court would be required to order defendant to pay according to statute. The majority and I recognize, in spite of the good faith efforts of both the court and counsel, the agreed total of $6,056 included some unintentional financial errors.

¶ 20    My insistence on the application of forfeiture in this case would not be possible but for the trial court's meticulous approach to the negotiated plea proceedings. The record documents

that the trial court made it very clear to this defendant that the State was agreeing to dismiss four serious felonies in exchange for defendant's guilty pleas involving two sexual offenses. The court advised the defendant he was agreeing to pay a total of $6,056 as part of the deal. No more. No less. This sentencing hearing could serve as a blueprint for the forfeiture of mutual, good faith, mistakes regarding required fines, fees, and court costs to be ordered as part of an agreed sentence.

¶ 21    Consequently, I distinguish the decision in *People v. Montiel,* 365 Ill. App. 3d 601 (2006), relied on by the majority, on this basis. In *Montiel*, the trial court did not consider, discuss, disclose, or advise the defendant of the total amount of fines, fees, and costs defendant was agreeing to pay. Hence, the Second District found it necessary to remand the matter back to the trial court with strong cautionary language as follows:

> "[T]he State and the trial courts should take particular care to fully inform
> defendants entering guilty pleas of all statutorily required fines and fees. If not
> clearly stated, fines and fees can be uncomfortably reminiscent of hidden charges
> in an abusive consumer contract." *Montiel*, 365 Ill. App. 3d at 607.

Here, there were no hidden charges and defendant knew the precise total he would be required to pay *before* he paid the agreed amount in full. *Montiel* involves a very different procedural posture and is distinguishable.

¶ 22    It is well accepted that " 'the guilty plea and the sentence "go hand in hand" as material elements of the plea bargain.' " *People v. Absher*, 242 Ill. 2d 77, 87 (2011) (quoting *People v. Evans*, 174 Ill. 2d 320, 332 (1996)). Where a defendant argues the agreed sentence is void, existing case law supports a decision to excuse forfeiture in order to restore the status quo by allowing both sides to undo the plea agreement. In this appeal, defendant does not seek to set

6

aside his plea agreement as void. Instead, this defendant would simply like a refund, without providing the State with an opportunity to reinstate dismissed charges. I submit that overlooking forfeiture in order to reduce the agreed sum total by several hundred dollars does not advance the interests of justice.

¶ 23    I recognize our supreme court has suggested forfeiture *should* be excused when an offender first applies for the statutory $5-per-day credit to reduce the balance due on court ordered fines. *People v. Caballero*, 228 Ill. 2d 79, 88 (2008). I agree allowing a belated application for credit involves a ministerial act by this court. However, a very different situation exists in this case. Here, defendant is not belatedly applying for a statutory credit that he neglected to first request in the trial court. Instead, this defendant asks our court to excise a $500 monetary charge he knowingly agreed to pay.

¶ 24    I believe this defendant correctly agreed to pay and then paid a $500 DNA analysis fee as required for a conviction for sexual offense committed in 1998. Respectfully, I reject defendant's strained analysis that the $500 assessment represented an unauthorized sex crime fine which was mislabeled by the circuit clerk with an "obviously errant citation" to the DNA assessment imposed pursuant to section 5-4-3(j) of the Code. 730 ILCS 5/5-4-3(j) (West 1998). I find no support in this record for defendant's argument on appeal that he paid a $500 sex crime fine at all.

¶ 25    I submit the circuit clerk had it right. When these crimes occurred between 1998 and 2000, the statutory DNA analysis fee applied only to sexual offenses and the amount for all DNA analysis fees for such sexual offenses was $500. 730 ILCS 5/5-4-3(j) (West 1998). In 2000, a statutory change permitted the court to order a $500 DNA analysis fee for other felony offenses.

7

Pub. Act 91-528, § 5 (eff. Jan. 1, 2000) (adding 730 ILCS 5/5-4-3(a-5)). Later, the statutory DNA analysis fee was reduced to $200, beginning on November 18, 2004.

¶ 26    It appears to me the parties simply agreed defendant should pay a $500 DNA analysis fee for the first conviction, as required in 1998. If an error exists, I submit the $200 DNA fee was erroneously imposed on the second conviction. It was not until two years after this plea agreement when our supreme court clarified the DNA analysis fee should only be paid once in a defendant's lifetime, rather than imposed for each conviction. *People v. Marshall*, 242 Ill. 2d 285, 296-97 (2011).

¶ 27    In addition, I agree with my respected colleagues, that the plea agreement should have required this defendant to also pay $200 for two individual $100 sexual assault fines that were omitted from the sum total of $6,056. 730 ILCS 5/5-9-1.7(b)(1) (West 1998). The error involving the unpaid $200 sexual assault fines is harmless because this amount offsets the second $200 DNA fee that this defendant arguably should not have paid based on subsequently decided case law.

¶ 28    I also note the parties incorrectly assumed the court could order defendant to pay costs only, without ordering defendant to pay any fine, such as the required sexual assault fine, as part of an authorized sentence for predatory sexual assault. When a fine is ordered, some financial penalties are reduced or calculated on a percentage of the fine ordered.

¶ 29    In the case at bar, the agreed $6,056 total required defendant to pay a criminal surcharge of $25, the amount to be imposed when no fine is included in the sentence, rather than a $15 charge when a fine is imposed. 730 ILCS 5/5-9-1(c) (West 1998). Since the majority and I agree defendant should have paid a $100 sexual assault fine on each count, the agreed sum total should have required defendant to pay a $15 criminal surcharge for each count. *People v. Smith,*

2014 IL App (4th) 121118, ¶ 73 (ordering the trial court on remand to impose the criminal surcharge fine on each of defendant's convictions for aggravated criminal sexual assault, attempt aggravated criminal sexual assault, and home invasion). Since defendant paid one $25 criminal surcharge, he underpaid the statutorily required $30 criminal surcharges by $5 according to the 1998 statutes.

¶ 30    Similarly, defendant paid one VCV fine of $25 in the absence of a court-ordered fine. 725 ILCS 240/10(b) (West 1998). Again, due to the application of a $100 sexual assault fine, the VCV fine should have been calculated at the rate of $12 per count, for a total of $24. 725 ILCS 240/10(b) (West 1998). Hence, defendant overpaid $1 by paying $25 dollars instead of the correct amount of $24 for two VCV fines. In addition, defendant should have paid a second $50 court systems fine, which was omitted from the agreed total of $6,056. 55 ILCS 5/5-1101(c) (West 1998). See also *People v. Larue*, 2014 IL App (4th) 120595, ¶ 70. Hence, at this juncture, my calculations show defendant would owe the circuit clerk $54.

¶ 31    However, defendant paid a $15 automation fee, the amount required at the time of sentencing in 2009. Yet, defendant should have paid a $5 court automation fee based on the 1998 statues. 705 ILCS 105/27.3a (West 1998). Defendant should have paid a $5 document storage fee rather than the agreed $15 document storage fee, which also appears to be the amount required at the time of sentencing in 2009. 705 ILCS 105/27.3c (West 1998). Defendant should have paid a $15 court security fee rather than $25 as agreed. 55 ILCS 5/5-1103 (West 1998). Thus, defendant overpaid these amounts by $30, and as a result, would now owe the clerk only $24, rather than $54, as discussed above. Based on *all* financial miscalculations, I conclude defendant should have paid $6,080 as required by statute rather than $6,056.

¶ 32   Such a small $24 discrepancy does not warrant excusing forfeiture in my view. Similarly, a $300 discrepancy, as determined by the majority, represents a 5% error concerning the payment of an agreed total of $6,056. Again, I note defendant does not contend the small discrepancy renders the entire plea agreement void or unenforceable.

¶ 33   Finally, I submit the efficient administration of justice is not served by excusing forfeiture in this case for another significant reason. Specifically, due to the passage of time, the circuit clerk no longer controls the $500 defendant paid in 2009. After defendant paid the agreed amount of $6,056 from his bond, the circuit clerk was required by statute to distribute $450 of the paid $500 DNA analysis fee to the State Treasurer within one month of receipt, while retaining 10% for the circuit clerk's fund. See 730 ILCS 5/5-9-1.15(b) (West 2008). Without evidence to the contrary, I presume the circuit clerk in this case remitted $450 to the State Treasurer within 30 days of the plea agreement in 2009 for court costs identified as a DNA analysis fee. Now, in 2015, I believe it will be very difficult for the local circuit clerk to compel another elected official, the State Treasurer, to refund the circuit clerk's office several hundred dollars to facilitate defendant's refund.

¶ 34   After spending many hours comparing the amount defendant agreed to pay to the amount he should have agreed to pay in a perfect world, I have reached a very reassuring conclusion. Specifically, the bottom line shows, in my opinion, defendant underpaid the minimum mandatory fines and costs required from 1998 to 2000 by $24. I conclude neither the State nor the defense should be permitted to argue defendant paid too little or too much because forfeiture should be strictly applied. In my humble opinion, forfeiture precludes our modification of the financial terms of the plea agreement to add $200 for sexual assault fines or to subtract $500 for a purported erroneous sex fine.

10

¶ 35    I respectfully conclude defendant forfeited the sentencing issue by failing to challenge either the sentence or the entire plea agreement in the postconviction petition at issue in this appeal.  I must also conclude the interests of justice do not warrant excusing forfeiture in this case.

¶ 36    For these reasons, I respectfully dissent.